## NOAH ELWELL *vs.* J. T. CUMNER.

Worcester, Oct. 2. — Nov. 28, 1883.    FIELD & W. ALLEN, JJ., absent.

A debtor while in bankruptcy wrote to his creditor as follows : "I shall pay you all I owe you with interest, but at this time I cannot. As soon as I can, I shall pay you. When I can, I shall pay up all my debts, and yours shall be the second that I pay. To pay you now, I cannot spare a dollar from my business, but if you will wait, I think I can pay you some time." *Held*, that these statements amounted only to a conditional promise to pay when the debtor should be able; and, in the absence of evidence of his ability to pay, would not, under the Pub. Sts. c. 78, § 3, deprive the debtor of relying upon a discharge in bankruptcy, in bar of the recovery of a judgment upon the debt.

A debtor while in bankruptcy wrote to his creditor as follows : "My lawyer says I must not pay any one a dollar until I get through bankruptcy, then I can pay if I want to do so. I shall pay you all and the interest, but you will have to give me time. This is all I can say now." *Held*, that this was not such evidence of a new or continuing contract, within the Pub. Sts. c. 78, § 3, as would deprive the debtor of relying upon a discharge in bankruptcy, in bar of the recovery of a judgment upon the debt.

CONTRACT upon a promissory note for $400, dated August 4, 1875, payable on demand to the order of the plaintiff, and signed by the defendant. Writ dated February 26, 1883. Answer, a discharge in bankruptcy, granted on August 3, 1880,

from debts existing on April 20, 1878. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, in substance as follows:

The defendant has received his discharge in bankruptcy, and has not, since said discharge, paid any debt which he owed before the discharge was granted. The discharge is a bar to this action, unless certain letters, three in number, written by the defendant to the plaintiff, are " evidence of a new or continuing contract," within the provisions of the Pub. Sts. *c.* 78, § 3, so as to deprive the defendant of the benefit of relying upon the discharge in bar of the action. The first letter, dated August 18, 1878, contained the following: " In regard to the interest on that note, my lawyer says I must not pay any one a dollar until I get through bankruptcy, then I can pay if I want to do so. I shall pay you all and the interest, but you will have to give me time." The second letter, dated February 20, 1880, was as follows:. " I received your letter. I am sorry that I cannot pay you now; I shall pay you all I owe you with interest, but at this time I cannot. I am in bankruptcy, and when I get through, then I will tell you what I can do. I am not owing very much. I shall get on my legs again. As soon as I can, I shall pay you. You will hear from me again soon." The third letter, dated May 14, 1881, contained the following: " When I can, I shall pay up all my debts, and yours shall be the second that I pay. To pay you now, I cannot spare a dollar from my business, but if you will wait, I think I can pay you some time." These letters referred to the note in suit, and to no other debt to the plaintiff.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for him in a sum named, and interest from the date of the writ; otherwise, judgment for the defendant.

*C. L. Gardner,* for the plaintiff.

*C. A. Merrill,* for the defendant.

C. ALLEN, J. The assurances contained in the two latest letters were conditional, and there was no evidence of the defendant's ability to pay. *Randidge* v. *Lyman,* 124 Mass. 361. The plaintiff, however, places his reliance on the letter of August 18, 1878,.which contained the following: " I shall pay you all and the interest, but you will have to give me time." We

regard this rather as an expression of the defendant's intention and expectation, than as a distinct and unequivocal promise, such as is necessary to support an action. *United Society* v. *Winkley*, 7 Gray, 460.                    *Judgment affirmed.*