WILLIAM E. KENNEY, administrator, *vs.* GILBERT C. BROWN.

Middlesex. March 3. — May 8, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A debtor, after his discharge in insolvency, wrote to his creditor expressing his desire to pay all his debts, and his hope and trust that he would be able to pay the debt of his creditor in the future, mentioning partial payments made, and regretting that he could not do more. *Held*, insufficient to prevent the operation of his discharge.

CONTRACT by the administrator of the estate of Lyman W. Forbes, upon a promissory note in the sum of $1000, dated June 1, 1868, payable, with interest, on demand, to the plaintiff's intestate, and signed by the defendant. Writ dated June 13, 1883. Answer: 1. A general denial. 2. Payment. 3. A discharge in insolvency granted by the judge of insolvency for the county of Suffolk, on March 25, 1881, from debts due on August 30, 1880.

Trial in the Superior Court, without a jury, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

On the note were various indorsements of interest, from June 4, 1869, to June 14, 1880.

The defendant admitted the execution of the note, but put in no evidence of its payment. It appeared in evidence that the note was proved against the estate of the defendant in insolvency, and that the defendant received his discharge, as alleged in the answer.

The plaintiff put in evidence the following letters, signed by the defendant, and received by the plaintiff's intestate:

"August 3, 1881. I am very sorry to be obliged to disappoint you, but at present I cannot do anything. I have not fairly got to going since my stoppage, but am getting things into better shape, and if I can have time shall meet all my obligations. I have not yet received one cent on the old account, but have the promise of some, and as soon as I get anything shall do something for you."

" September 24, 1881. It is my honest determination to pay every cent I owe, but to save my life I could not do it now. I must have time. I regret exceedingly that I cannot do more for you at this time. I am laboring at a disadvantage for want of available capital, and every dollar I take out of my business now makes it worse. I will send you a check, which you can get cashed at any place where you are known."

" December 19, 1881. I received a letter from you some time ago saying that you would want a hundred dollars the first of January, and I made arrangements to have it for you. Since that letter I received one — not from you — saying you would like to have me send some money the middle of the month. That letter was not signed by you ; therefore I did not answer it. I regret exceedingly that I cannot send you all your money now. I trust you will get all some time, but it will be impossible to raise it now. I send you fifty now, and another fifty as soon after the first of January as I can collect it."

" Boston, April 11, 1882. I have the promise of some money this month ; until I get it cannot send any. Have patience and I will work it out some time."

" May 3, 1882. Your note I have just received, and will send you twenty-five dollars now, and will send more just as soon as I can collect it. I have money due me the same as you have, and I have to wait the same as you do. By taking money out of my business now makes the chances less for getting money to

pay the old demands. If I can have time to get a fair start I shall work it all out in time. I got caught as many others did, and I gave up all I had. I am now laboring at a disadvantage, but mean to see that all shall have their pay ; but they must not press me, as I cannot accomplish impossibilities. Hoping that you will be able to keep along until I can do more for you, I will send this, which I cannot well spare at this time. I have been disappointed as you have been, and that is the reason I have for disappointing you."

" Boston, June 5, 1882. I have just received your call. Wish I could give you the whole, but cannot at present. Hope to be able to send you more soon. You must get along a little while : there are others as needy as you are. I hope to be able to satisfy them all some time, but cannot just now. I will send a check for fifty dollars now, and more as soon as I can get it. Please let me know if you get this all right."

The judge ruled that these letters did not contain a sufficient promise to enable the plaintiff to maintain the action ; and gave judgment for the defendant. The plaintiff alleged exceptions.

*R. B. Caverly & J. L. Hunt*, for the plaintiff.

*C. C. Read*, for the defendant.

MORTON, C. J. The letters of the defendant to the plaintiff's intestate set forth in the bill of exceptions are not sufficient evidence of a new contract which deprives the defendant of the benefit of his discharge in insolvency. They refer to his insolvency, express his desire to pay all his debts, and his hope and trust that he will be able to pay the debt of the plaintiff's intestate in the future, speak of partial payments, and express regret that he is not able to do more ; but they do not contain language which amounts to a clear and unequivocal promise to pay the whole debt, or an undertaking which is inconsistent with a reliance upon his discharge. The cases of *Elwell* v. *Cumner*, 136 Mass. 102, and *Bigelow* v. *Norris*, *ante*, 12, are decisive of the case at bar. *Exceptions overruled.*