MARY E. BIGELOW *vs.* HOWES NORRIS.

Suffolk.   Nov. 11, 1885. — Jan. 11, 1886.   DEVENS & GARDNER, JJ.,
                          absent.

A debtor, after he had applied for the benefit of the bankrupt act, wrote to his creditor : " I will send you the first spare ' V ' or ' X ' I have. I am compelled to go through bankruptcy, as a single creditor held out against signing. I am so sorry I owed you. I will not long either, for I know a lone lady has nothing to lose." *Held*, in an action on the debt, that the letter did not take the debt out of the operation of a discharge in bankruptcy subsequently obtained.

CONTRACT upon an account annexed, for rent of a room from July 2 to September 3, 1875. Writ dated May 15, 1883. Answer: 1. The statute of limitations. 2. A discharge in bankruptcy of debts existing on July 18, 1876. After the former

decision, reported 139 Mass. 12, the case was tried in the Superior Court, without a jury, before *Knowlton*, J., who ruled that the action could not be maintained, and ordered judgment for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*L. L. Stimpson*, for the plaintiff.

*A. M. Goodspeed*, for the defendant.

MORTON, C. J. It was decided in this case, at the former hearing, that the letters of October 7, 1880, and February 8, 1881, were not sufficient to take the debt of the plaintiff out of the operation of the defendant's discharge in bankruptcy. *Bigelow* v. *Norris*, 139 Mass. 12.

The plaintiff now relies upon a letter, dated July 29, 1876, which was not in evidence at the former trial, and is as follows: "Yours received. I will send you the first spare 'V' or 'X' I have. I am compelled to go through bankruptcy, as a single creditor held out against signing. I am so sorry I owed you. I will not long either, for I know a lone lady has nothing to lose."

A few days before this letter was written, the defendant had applied for the benefit of the bankrupt act. If this letter had been in evidence at the former hearing, we think the result would have been the same. The expression, "I will send you the first spare 'V' or 'X' I have," does not fairly import a promise to pay absolutely five or ten dollars. It is a colloquial expression, meaning, in substance, the same that he says in his letter of October 7, 1880, that "I will also pay something on account." The whole letter shows that he meant to obtain a discharge, and it expresses a hope and intention to pay the plaintiff something in the future; but it does not contain an unequivocal promise to pay the debt, nor a distinct waiver of his legal right to rely upon his discharge when obtained. *Elwell* v. *Cumner*, 136 Mass. 102. As the discharge in bankruptcy is a bar to the plaintiff's claim, it is not necessary to consider whether, if the letter of July 29, 1876, had contained a promise, such promise would have been barred by the statute of limitations.

*Exceptions overruled.*