## John F. Dennan *vs.* Charles E. Gould.

Suffolk.    Nov. 16, 1885. — Jan. 11, 1886.    Devens & Gardner, JJ.,
absent.

A debtor, after proceedings in insolvency had been begun, wrote to his creditor:
" My last meeting of insolvency comes off the last of this month, when I intend
to receive my discharge.   I wish I could give you some money, as you ask, but
cannot at present.   I shall not take any notice of your abuse of me till I have
paid you the amount I owe you, which I shall surely do."   *Held,* in an action on
the debt, that the letter did not take the debt out of the operation of a discharge
in insolvency subsequently obtained.

CONTRACT in two counts.   The first count was upon a prom-
issory note for $280, dated January 13, 1882, payable to the
plaintiff on demand, and signed by the defendant.   The second
count was for $64, money lent by the plaintiff to the defendant.
Writ dated July 5, 1884.   The defendant, in his answer, relied
upon his discharge in insolvency, proceedings having been begun
on May 13, 1882, and the discharge having been granted on
December 29, 1882.

At the trial in the Superior Court, without a jury, before
*Knowlton,* J., the plaintiff, to show a new promise since May 13,
1882, introduced the following letter, dated December 14, 1882,
and signed by the defendant:   " Yours received.   If you had
sent it here at the distillery, I should have received it before.
My last meeting of insolvency comes off the last of this month,
when I intend to receive my discharge.   You can say to Mr. Al-
len, after that I will pay his bill.   I wish I.could give you some
money, John, as you ask, but cannot at present.   I shall not take
any notice of your abuse of me till I have paid you the amount
I owe you, which I shall surely do, and after that we will have
another settlement."

The judge ruled that this letter was not sufficient to consti-
tute a new promise, and that the plaintiff could not maintain his
action ; and found for the defendant.   The plaintiff alleged
exceptions.

*J. P. Prince & E. G. Alexander,* for the plaintiff.

*H. J. Edwards,* for the defendant.

MORTON, C. J.   The letter of the defendant expresses his in-
tention of procuring his discharge in insolvency, his regret that

he has no money to pay the plaintiff, and his intention to pay him in the future; but it does not contain a distinct promise to waive his discharge and to pay the debt. The last sentence is not in the words naturally used to import a promise. It expresses an expectation and intention of paying the plaintiff, but does not clearly show that the defendant intended to waive his discharge, or to create a new obligation. *Elwell* v. *Cumner*, 136 Mass. 102. *Bigelow* v. *Norris, ante,* 14.　　　*Exceptions overruled.*