PORTER v. KILGORE *et al.*

1. Mortgage: FORECLOSURE: PARTIES. A purchaser of mortgaged premises, whose deed is recorded at the time of the institution of foreclosure proceedings by the mortgagee, will not be bound by the decree unless made a party to the proceeding.

2. —— But his right in such case is simply to redeem by payment of the mortgage debt, and not to have judgment for possession of the premises.

*Appeal from Decatur District Court.*

WEDNESDAY, OCTOBER 4.

ACTION in chancery.   Decree granting the relief prayed for by plaintiff.   Defendant appeals.   The facts appear in the opinion.

*J. W. Penny* for the appellants.

*Warner & Post* for the appellee.

BECK, J.— I. The petition alleges that one Parsons, being the owner of certain lots in Leon, in 1855, executed a mortgage thereon to the school fund of Decatur county to secure the payment of $250, with annual interest at ten per centum per annum.   In 1863, this mortgage was foreclosed by an action against Parsons and his sureties on the note, and, in 1865, the property was sold on the judgment to the State.   Plaintiff became the purchaser of the title derived from the State.   Parsons, after the execution of the mortgage, conveyed the property, and Wilson Wainscott is now the owner of the title claimed from Parsons.   It does not appear either in the pleading or evidence at what date Parsons conveyed the property.   An agreed statement of facts recites that the deed executed by Parsons, "had been placed on record and properly indexed * * * after said Parsons had mortgaged the land, but before the foreclosure of the said mortgage."   Wainscott and his grantors were not made parties in the foreclosure action.   The relief asked in the first count of the petition is, that the claim and title of Wainscott and his co-defendants be barred and cut off and the title quieted in plaintiff. In the second count plaintiff prays that she may be subrogated to all the rights, privileges and liens under the mortgage, judgment of foreclosure, and to all the rights of her

intervening grantors, and that defendants' right to redeem the property from the mortgage and foreclosure sale be barred and cut off, the title quieted in plaintiff, and for such other relief as equity demands. A default was entered upon the second count of the petition for want of an answer. The defendant, Wainscott, answered the first count, denying the material allegations thereof, and averring the title of the lots to be in himself. His answer also alleges that plaintiff is in possession of, and has occupied the premises for six years, and has received the rents and profits thereof, and claims a judgment for $500 on that account and asks to be put in possession of the property. He does not ask to redeem from the mortgage. The cause was referred and the referee reported the facts substantially as above stated, with the additional finding that plaintiff had no *actual* knowledge of the conveyance by Parsons, before she acquired title to the lots. The referee concluded and so reports, that, as it is not made to appear affirmatively that Parsons' deed to the land was recorded before the action of foreclosure was begun, it must be considered under the agreed statement of facts that it was not filed for record until after suit was brought, and the purchaser and his grantees were therefore bound by the decree, the action being pending when they acquired an interest in the property. The referee holds that the burden of showing the date of the record of the deed from Parsons rests upon defendant, and as he failed to establish the date, "all uncertainties and doubts should be construed against him on that subject." But we are of the opinion that, considering together the allegations of plaintiff's petition, the agreed statement of facts and all the circumstances of the case, there is no doubt or uncertainty as to the fact that Parsons executed the deed, and that it was duly recorded and indexed before the action for foreclosure was commenced. This being the case, the decree did not affect defendant's interest and he is

Porter v. Kilgore.

not cut off from any right to redeem which the law gives him. The decree based upon the referee's report, cutting off all claim of defendant to redeem, is, therefore, erroneous, and should not have been entered, as the plaintiff has not shown herself entitled to the relief therein granted.

II. The answer of defendant is in the nature of a cross-bill and does not make a case entitling him to relief in the form he has presented it. He does not claim the right to redeem from the mortgage or foreclosure sale and offer so to do, but claims to recover for the value of the rents and profits of the land and asks to be put in possession of the property. His right, if he have any, is to redeem, and equity will not restore the property to him until he pays the mortgage debt. It is true that circumstances may exist entitling him to the rents and profits of the land which could be set off against the amount to be paid plaintiff upon the redemption. But defendant's cross-bill presents no such case, or, at least, he does not, in his cross-bill, ask that the rents and profits be set off against the amount to be paid to plaintiff upon the redemption, but simply seeks to recover therein rents and profits and the possession of the land. He is entitled to no such relief.

Both the petition of plaintiff and the cross-bill of defendant will be dismissed, and the costs of this court will be taxed equally against each party. Plaintiff will pay the costs of the district court. A judgment to this effect will be entered herein. In view of all the facts of the case, and especially of the great uncertainty in the pleadings and record as they are presented to us, both the petition and cross-bill are dismissed without prejudice to the respective parties.

Reversed.