H. D. BROWN *vs.* OLE J. JORDHAL.

May 31, 1884.

**Sealed Note not Negotiable.**—An instrument in the form of a negotiable promissory note, but with the device "[Seal]" after and opposite the signature of the maker, is, though there be no reference to a seal in the body of the instrument, a sealed instrument, and not a negotiable promissory note.

Plaintiff brought this action in the district court for Freeborn county, as holder of the following instrument:

"*Township of Manchester, Feb'y 23, 1881.*

"$120.   Six months after date, (or before, if made out of the sale of Drake's horse hay fork and hay carrier,) I promise to pay James B. Drake or bearer one hundred and twenty dollars.

"Negotiable and payable at the Freeborn County Bank, Albert Lea, Minn., with ten per cent. interest after maturity until paid.

"OLE J. JORDAHL.   [Seal.]
"Witness:   J. Williamson."                 [Seal.]

At the trial before *Farmer, J.*, the plaintiff, having introduced evidence that he bought the note from Williamson for value, before maturity, in good faith and without notice of any defence to it, admitted that the note was obtained from defendant by Williamson by fraud, and that as between those parties the note was without consideration and fraudulent.   The court thereupon directed a verdict for defendant; a new trial was denied, and the plaintiff appealed.

*D. R. P. Hibbs* and *John Whytock*, for appellant.

The note states that it is "negotiable," which is an expressed declaration that it was intended to be a negotiable instrument, and not a specialty.   Gen. St. 1878, *c.* 40, § 31, does not declare a "scroll or device" to be a seal, but merely gives it the effect of a seal "when used as such."   Nothing in this note expresses any intention to make it a sealed instrument, and the fact that the word "[Seal]" appears printed after the maker's name and in the line below does not show that he recognized or "used" it as such.   *Warren* v. *Lynch*, 5 John.

239; *Bates* v. *Boston & N. Y. Cent. R. Co.*, 10 Allen, 251. Unless in the body of the instrument there is to be found some recognition of a scroll or device at the end of the maker's name, the court cannot, on inspection, determine that it was used as a seal even when placed there by the signer, still less when it is done by the printer. The instrument not needing a seal, there can be no presumption of an intention to seal it; the presumption here is the other way.

"The facility with which a seal of wax or a scroll may be fraudulently affixed to the name of the party, and the character of the instrument thereby changed, affords an unanswerable argument in favor of requiring the recognition of the seal in the body of the instrument." *Cromwell* v. *Tate*, 7 Leigh, (Va.) 301; *Royal Bank* v. *Grand Junction R. Co.*, 100 Mass. 144; *Austin* v. *Whitlock*, 1 Munford, (Va.) 487; *Van Santwood* v. *Sandford*, 12 John. 197; *Newbold* v. *Lamb*, 2 Southard, (N. J.) 449; *Williams* v. *Starr*, 5 Wis. 534, 549; *Lee* v. *Adkins*, 1 Ala. (Minor,) 187.

*Lovely & Morgan*, for respondent, upon the point that the instrument was sealed and therefore not negotiable, cited *Helfer* v. *Alden*, 3 Minn. 232, (332;) *Mann* v. *Sutton*, 4 Rand. (Va.) 253; *Clegg* v. *Lemessurier*, 15 Grat. (Va.) 108; *Trasher* v. *Evorhart*, 3 Gill. & J. (Md.) 234, 246; *Warren* v. *Lynch*, 5 John. 239; *Clark* v. *Farmers' Mfg. Co.*, 15 Wend. 256; 2 Bl. Com. 305–7.

They also argued that the instrument was not negotiable, because uncertain as to time of payment, citing *Jones* v. *Radatz*, 27 Minn. 240; *Brooks* v. *Hargreaves*, 21 Mich. 254, 260; *Stultz* v. *Silva*, 119 Mass. 137; *Way* v. *Smith*, 111 Mass. 523; *Hubbard* v. *Mosely*, 11 Gray, 170; *Mahoney* v. *Fitzpatrick*, 133 Mass. 121; *Woodbury* v. *Roberts*, 13 N. W. Rep. (Iowa,) 312; *Miller* v. *Poage*, 56 Iowa, 96; *Smith* v. *Van Blarcom*, 45 Mich. 371; *Chouteau* v. *Allen*, 70 Mo. 290, 339.

GILFILLAN, C. J.[1] The defendant executed an instrument in the form of a negotiable promissory note, except that after and opposite the signature were brackets, and between them the word "seal," thus, "[Seal.]" The question in the case is, is this a negotiable promissory note, so as to be entitled to the peculiar privileges and immunities accorded to commercial paper? The rule that an instrument

---

[1] Dickinson, J., because of illness, took no part in this decision.

under seal, though otherwise in the form of a promissory note, is not (certainly when executed by a natural person, however it may be when executed by a corporation) a negotiable note, entitled to such privileges and immunities, is universally recognized, and is not disputed in this state. But the appellant contends that merely placing upon an instrument a scroll or device, such as the statute allows as a substitute for a common-law seal, without any recognition of it as a seal in the body of the instrument, does not make it a sealed instrument. Undoubtedly, where there is a scroll or device upon an instrument, there must be something upon the instrument to show that the scroll or device was intended for and used as a seal. The scroll or device does not necessarily, as does a common-law seal, establish its own character. Such words in the *testimonium* clause as "witness my hand and seal," or "sealed with my seal," would establish that the scroll or device was used as a seal. No such reference in the body of the instrument was necessary in the case of a common-law seal. *Goddard's Case*, 2 Coke Rep. 5*a;* 7 Bac. Abr. (Bouvier's Ed.) 244. Nor is there any reason to require it in the case of the statutory substitute, if the instrument anywhere shows clearly that the device was used as and intended for a seal. It would be difficult to conceive how the party could express that the device was intended for a seal more clearly than by the word "seal," placed within and made a part of it. This was an instrument under seal.

Order affirmed.