[No. 9896.   Department One.—July 30, 1885.]

JOSEPH BROWN, APPELLANT, v. H. M. WILLIS, RESPONDENT.

PRACTICE—MORTGAGE—ENFORCEMENT OF DEBT.—Under section 726 of the Code of Civil Procedure, a mortgagor cannot be compelled to pay any part of the mortgage debt until a decree is entered for a sale of the premises mortgaged; and he then becomes liable only for such deficiency as shall appear on the sheriff's return.

ID.—SUBSEQUENT MORTGAGEE—ACTION BY AFTER FORECLOSURE OF PRIOR MORT-GAGE.—The holder of a note secured by a second mortgage cannot, after fore-closure of the prior mortgage by a suit to which he was made a party defendant, and in which all his rights might have been settled, maintain an action on the note against the maker.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Byron Waters*, for Appellant, cited *Mauge* v. *Heringhi*, 26 Cal. 578; *Hardin* v. *Ware*, 5 Pac. C. L. J. 317; *Ould* v. *Stoddard*, 54 Cal. 613; Code Civ. Proc. §§ 442, 726.

*C. W. C. Rowell*, for Respondent.

The judgment in the former action is conclusive upon all the parties thereto. (*Starr* v. *Stark*, 2 Sawy. 617, 618; Freeman on Judgments, § 249.)

ROSS, J.—The findings show that on the 2d day of September, 1878, an action was commenced in the late District Court of the eighteenth judicial district by one Aldrich against the plaintiff and defendant to the present action, H. M. Willis and Joseph Brown, and Amelia Willis, Jr., to foreclose a mortgage that had been given by H. M. Willis as security for a note executed by him to one Drew, Drew having assigned the note and mortgage to Aldrich. Brown was made a party to that action because he held, as assignee, a subsequent mortgage upon the same premises that had been given by Willis to secure a note executed by him November 22, 1875, to one Thomas, and made payable one year after its date. The note held by Brown was, therefore, due at the time of the commencement of the action by Aldrich to foreclose the first mortgage executed by Willis, and

as both Willis and Brown were parties to that action, the court, by its decree, could have settled the respective rights of all of the parties. The purpose of making the holder of the second mortgage, it being of record, a party to the suit to foreclose the first mortgage was, of course, to cut off the equity of redemption. The findings here show that in that action Brown set up his note and mortgage, and as the note was due, if his pleadings were appropriate, as they should have been, the court could and should have ascertained, not only the amount due from Willis to Aldrich on the first note and mortgage, but also the amount due from him to Brown on the second note and mortgage, and by its decree have directed a sale of the mortgaged property, or so much thereof as should be necessary, and the application of the proceeds of the sale to the payment of the costs and expenses of sale, and the amount due, *first,* to the plaintiff Aldrich on the first note and mortgage, and *secondly,* of the amount due to the defendant Brown on the second note and mortgage, and further directing, in the event the sheriff's return should show the proceeds to be insufficient, and a balance to remain due on either or. both of the amounts found due by the decree, that judgment be docketed for said balance against the defendant so found personally liable for the debt, which under the law would have become a lien on such real estate as the judgment debtor might have in the county, and on which an execution might have been issued as in other cases. In *Biddel* v. *Brizzolara,* 64 Cal. 362, it was held that under the provisions of our statute (Code Civ. Proc. § 726), that, whatever the form of the debt, the mortgagor can be legally compelled to pay no part of it until decree is entered for the sale of the premises mortgaged, and the liability which shall then accrue to him is a liability to pay only a deficiency which shall appear on the sheriff's return. "Every person," said Mr. Justice Kent, in *La Guen* v. *La Gouverneaur,* 1 Johns. Cas. 504, 1 Am. Dec. 121, " is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant having the means of defense in his power, neglects to use them, and suffers a recovery to be had against him in a competent tribunal, he is forever precluded."

It results, we think, that the subsequent action brought by plaintiff Brown upon the note executed by defendant Willis to Thomas cannot be maintained.

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.