## LEAVITT AND JOHNSON v. REYNOLDS.

**Mortgages:** NOTES DUE IN SUCCESSION: ORDER OF PAYMENT. A mortgage secured three notes due in successive years, with no provision for payment before maturity. The first two were indorsed to plaintiffs, and the third to defendant. The mortgage provided: "But should said party of the first part fail to pay said notes or the interest when due * * * as above provided, then the whole sum remaining unpaid shall become due, and this mortgage may be foreclosed." Upon failure to pay the first two notes when due, plaintiffs began an action of foreclosure, and defendant intervened, setting up that his note became due upon failure to pay the other two, and asking to share *pro rata* in the proceeds of the property. But *held* that the third note did not, by the provision of the mortgage, become due in such sense as to expunge from the contract the agreement implied by law, that the notes should have priority in the order of their maturity; which is the established doctrine in this state. (See opinion for citations.)

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

FILED, FEBRUARY 5, 1890.

ON July 14, 1885, Nellie Goodwin and her husband executed and delivered to E. W. Burnham a mortgage for thirty-one hundred dollars, covering what is known as "Burnham's Opera House," in Waterloo, Iowa, and securing the payment or three promissory notes, as follows: One for one thousand dollars, due August 1, 1886; one for one thousand dollars, due August 1, 1887; and one for eleven hundred dollars, due August 1, 1888. Mr. Burnham soon thereafter sold the two notes first named to the plaintiffs, Leavitt and Johnson, with proper endorsements, and about the same time sold the third or eleven-hundred-dollar note to the intervenor, J. M. Reynolds, Jr. The first note was not paid when due, but one year's interest was paid on all of the notes. The second not being met when due, the plaintiffs in September, 1887, commenced this proceeding to foreclose said mortgage, and demanded that their lien be the first and prior lien on the mortgaged property, and that their notes be paid in full from the sale of the mortgaged premises. On October 10, 1887, the intervenor, who is the appellant herein, filed his petition of intervention, setting forth the fact that he is owner and holder of the third note, and that the same then was, by the terms and conditions of said mortgage, due and payable; it being provided in said mortgage: " But should said party of the first part fail to pay said notes or the interest when due, or fail to keep said property insured, as above provided, then the whole sum remaining unpaid shall become due, and this mortgage may be foreclosed." That by virtue of such provision said third note became due upon default made in the payment of the first notes, causing the whole debt to at once become due at the time of such default. The petition of the intervenor asks that he have judgment for the amount due upon his note, and that upon sale of the mortgaged premises the proceeds thereof be divided *pro rata* between the holders of the several notes, and that plaintiffs' claim to priority be denied, and that the intervenor's right in the mortgaged premises be decreed

equal to that of the plaintiffs. To this petition of the intervenor plaintiff demurred. The court sustained the demurrer, and denied to intervenor the *pro-rata* distribution asked in the petition, and entered judgment against him for costs of intervention. From this ruling and judgment the intervenor appeals.

*Mullan & Hoff*, for appellant.

*O. C. Miller*, for appellees.

GIVEN, J.—I. Different rules are observed in different states in applying the security, when several obligations falling due at different times are secured by the same mortgage. The states of New York, New Jersey, Pennsylvania, Minnesota, Kentucky and other states have adopted what is termed the "*pro-rata* theory;" that is, the security is divided among the holders of the different obligations, according to the sums due thereon, neither having priority over the other. In this state, and in Ohio, Indiana, Illinois, Alabama and some other states, the *pro-tanto* or priority rule is followed, under which the notes first maturing are treated as prior, and to be first paid in full out of the security. *Isett v. Lucas*, 17 Iowa, 503, and cases therein cited. There is some discussion as to the respective merits of these rules. While much can be said for and against either, we deem it of more importance that the one adopted in the state shall be continuously followed than as to which should be adopted. The *pro-tanto* rule was adopted in this state as early as 9 Iowa, and has been followed ever since. See *Grapengether v. Fejervary*, 9 Iowa, 163. The question here presented is not as to which of these rules should be adopted in this state, but whether the provision in the mortgage that default in the payment of the principal or interest, when due, shall cause the whole sum remaining unpaid to become due, renders all the notes due at one time, in case of default, so that neither is entitled to priority. Where several notes, secured by the same mortgage, fall due at the same time, neither

would be entitled to priority. Appellant's contention is that, under the provision of the mortgage above quoted, the failure to pay the first and second notes when due rendered his note due at the same time, and therefore he is entitled to a *pro-rata* share of the security.

These notes were not made payable on or before, but on, the day named in each. Hence the maker could not have stopped the running of the interest by tendering payment before maturity, and the holder could not be compelled to receive payment before maturity, but had a right to stand upon his contract, and receive his interest up to the maturity of his note. Can it be said that, by defaulting the payment of the first note, the last was rendered due, so that the maker might have stopped the running of the interest by tendering payment? We think not. The evident purpose of such a provision in the mortgage is that, in case of default and foreclosure on the installment first falling due, the surplus of the security may be applied on the remaining obligations, instead of being held idle until maturity. The default in the first renders subsequent notes due or not, at the election of the holder. If he prefers, he may waive his right to the mortgage security, and stand upon the terms of the note, or he may elect to treat his note as due, and demand his share of the security. To apply the rule contended for by the appellant, in a state where the *pro-tanto* rule is the established law, would add an element of uncertainty to mortgage securities that would seriously affect their value. Such a rule would render it uncertain whether, under mortgages like this, the security would be applied *pro rata* or *pro tanto*. Take a case of three notes and mortgage, like those under notice, as illustration. A party knowing that, under the laws of the state, the notes are entitled to priority according to the order of their maturity, and knowing the security to be sufficient for the first two notes, but insufficient for the whole, purchases and pays for the two notes first falling due on that basis. If the maker may, by defaulting, deprive these notes of their

priority, then surely they would not be purchased so readily, nor at such a price.

The rule contended for would render it possible for the mortgagor and holder of the notes last falling due to defeat the holder of the first notes of his priority, by the maker's failing to pay the interest on the last note, whereby all become due, and the holder of the last be entitled to a *pro-rata* share of the security. Notes of this description, secured by mortgages and deeds of trust, enter largely into the business transactions of the state, and the courts should hesitate before pronouncing a rule that would render it uncertain whether security for such notes would be applied *pro rata* or *pro tanto*. Our conclusion is that the maturity of the notes, by reason of default in making prior payment, is not such a falling due as should change the rule for the application of the security. We are aware that in *Bank v. Covert*, 13 Ohio, 240, and in *Pierce v. Shaw*, 51 Wis. 316, the contrary doctrine was held. We have examined these cases with care, and, with the profoundest respect for those courts, must say that we cannot concur in the conclusions. One of the grounds upon which the *pro-tanto* rule is supported is that making the notes mature at different times evidences an agreement that they are to have priority in the order in which they fall due. Hence cases of default, like this, are not such a falling due as expunges from the contract the agreement as to priority. We think there was no error in sustaining plaintiff's demurrer to intervenor's petition, and therefore the judgment of the district court is.

AFFIRMED.