## GERMOND V. HERMOSA ICE CO.

An extension of time, for a consideration, to pay one of two notes secured by a mortgage, does not preclude the right to foreclose for the non-payment of interest, where the mortgage provides that interest should be paid on each note annually, and that the whole debt should become due on default in the payment of any installment of interest.

(Opinion Filed, Dec. 11, 1896.)

Appeal from circuit court, Fall River county. Hon. WM. GARDNER, Judge.

Action to foreclose a real estate mortgage. There was a judgment in favor of plaintiff, from which defendant appeals. Affirmed.

The facts are stated in the opinion.

*Chambers Kellar*, for appellant.

The agreement was an absolute contract, upon valid consideration, modifying the terms of the mortgage; it was both executed and in writing, and therefore sufficient to change the terms of the original contract. Comp. Laws, § 3593. See, also, Wiltsie, Mortg. Forecl. (new edition) ·§§ 52–54; Comp. Laws, §§ 5440 and 5443; Burt v. Saxton, 1 Hun. 551.

*S. Loudenback,* for respondent.

HANEY, J. This action was commenced February 17, 1894, to foreclose a mortgage given to secure two notes, executed by defendant December 8, 1892, each for $475, due one and two years after date, with interest at 8 per cent., payable annually. At the close of the testimony, defendant offered to pay the interest due, with costs of the action. The offer was refused, and the court gave judgment for the entire mortgage debt, with costs. Its decision contains the following finding of fact: "That defendant on or about June 20, 1893, entered into an agreement with plaintiff, whereby plaintiff, in consideration of defendants making certain improvements, on the property described in the mortgage set out in plaintiff's second

amended complaint, gave defendant an extension of one year's time from and after the maturity of the first note within which to pay the first note set.out in plaintiff's complaint; and that in compliance with the terms of said agreement entered into between plaintiff and defendant, the defendant placed improvements upon said property of the value of about three hundred dollars and to that amount increased the value of plaintiff's said mortgage security. That the extension of said note was, at the time it was so made, indorsed by plaintiff in writing upon the back of said note, and that the attempted erasure and revocation thereof by plaintiff were without the knowledge or consent of defendant. That after the giving of said extension upon said first note, and before the commencement of this action, the plaintiff made no demand upon the defendant for any moneys due upon any of the notes set out in the complaint, and defendant had no notice of the revocation or recission of said extension." And this conclusion of law: "That the interest was due and unpaid on the note which became due and payable two years from date, and that thereby the right of foreclosure accrued to plaintiff prior to the commencement of this action, and that plaintiff is entitled to a decree of foreclosure as prayed for in his complaint."

It is conceded that, by the terms of the mortgage, the whole debt became due upon default in the payment of either note, or any sum of interest; but counsel contends that the contractual relations of the parties were modified by the agreement set out in the foregoing finding. Such agreement certainly modified the original contract, but only to this extent: It changed the maturity of the first note from December 8, 1892, to December 8, 1893. All other stipulations contained in the notes and mortgage remained as they were when those instruments were executed. The language of the agreement as found by the court will bear no broader interpretation. We must presume no other modification was intended. Nor is this inference unreasonable. Because payment of part of the prin-

cipal was extended, it does not follow that the interest was not to be paid promptly according to the terms of the original contract. The longer that payment of principal is postponed, the more important becomes the right to foreclose upon failure to pay interest. Counsel calls attention to Burt v. Saxton, 1 Hun. 551. It is not in point. It was not shown in that case that the whole principel became due upon failure to pay interest, as in the case at bar. The judgment is affirmed.