[S. F. No. 1530.   Department Two.—December 28, 1900.]

EMIL GREENEBAUM, Respondent, v. JOHN DAVIS et al., Appellants.

FORECLOSURE OF MORTGAGE—PARTIES—SEPARATE SUIT BY JUNIOR LIEN-HOLDER—RES ADJUDICATA.—The holder of a junior lien, made a party defendant to an action to foreclose a prior mortgage, who did not appear or set up his junior lien, is not estopped by the decree of foreclosure from maintaining a separate suit to sell any portion of the lands not sold to satisfy the prior mortgage, and to reach any surplus proceeds arising from sales made under the prior mortgage, and his assignee may maintain such separate action.

APPEAL from a judgment of the Superior Court of Contra Costa County.   Joseph P. Jones, Judge.

The facts are stated in the opinion.

R. H. Latimer, for Appellants.

Edward J. Pringle, for Respondent.

HAYNES, C.—This appeal is from the judgment upon the judgment-roll.

Defendant John Davis was the owner of an undivided interest in the rancho San Pablo. In January, 1885, one Lynch obtained a judgment against Davis for two thousand one hundred and eighty-four dollars and four cents, and nineteen dollars costs, and in February of the same year the undivided interest of Davis in said rancho was sold to one Waterman for the sum of two thousand three hundred dollars and forty-two cents, who received a sheriff's deed therefor.   Said undivided interest so sold was, however, subject to a mortgage for the sum of seventeen thousand nine hundred and sixty dollars and twenty-five cents held by Rudolph Hochkofler, the trustee in bankruptcy, for the creditors of D. Ghirardelli.

At the time said deed was executed to Waterman there was a suit pending in the superior court of the city and county of San Francisco, brought by Joseph Emeric against Juan B. Alvarado et al., the object of which was to partition said rancho;

and said Davis, Hochkofler, and Waterman, who were made de-
fendants to said action, stipulated therein that all such lands
as might, upon final partition, be allotted to Davis in satisfac-
tion of his undivided interest in the ranch, should be decreed
to him as owner, that the mortgage of Hochkofler should be a
lien upon the lands so set apart to Davis for the amount of his
mortgage, with interest, and that Waterman should have a lien,
subject to said mortgage, for two thousand three hundred dol-
lars and forty-two cents and interest, and this stipulation was
confirmed by an interlocutory decree entered in said cause, the
claim of said Waterman to become due upon the entry of the
final decree, which was March 3, 1894, and which confirmed the
interlocutory decree.

Hochkofler, in 1888, commenced an action to foreclose his
mortgage and made Waterman a defendant, but this suit was
not pressed until after the final decree in the partition case,
when John Lloyd, who became trustee after the death of Hoch-
kofler, amended the complaint and prosecuted the foreclosure
suit to a final decree. Waterman did not answer or assert his
lien in that action, but made default. The officer making the
sale under Lloyd's decree was directed to pay into court any
surplus money that might remain after paying the amount due
to Lloyd.

The present action was commenced by the plaintiff Greene-
baum, the successor in interest of Waterman, on March 2, 1897.
His prayer is, in substance, that any portions of the lands not
sold to satisfy the prior mortgage be sold, and that any surplus
proceeds paid into court under Lloyd's decree be paid to the
plaintiff.

These facts are, in substance, alleged in the complaint, and
the defendants demurred thereto on the following grounds: 1.
That there is another action pending between the same parties
for the same cause; 2. That the complaint does not state facts
sufficient to constitute a cause of action; and 3. That the court
has no jurisdiction of the subject of the action. The demurrer
was overruled and the defendant answered. Upon the trial
plaintiff had findings and judgment.

Appellants' principal point is thus stated: "The holder of the
note secured by the second mortgage cannot, after foreclosure

of the prior mortgage by a suit to which he was made a party, defendant, and in which all his rights might have been settled, maintain an action upon the note against the maker."

To this point he cites *Brown v. Willis*, 67 Cal. 235, and *Hefner v. Northwestern Mut. Life Ins. Co.*, 123 U. S. 747, and other cases.

In the first of these cases one Aldrich brought suit to foreclose a mortgage executed by one Willis to secure a promissory note. Brown was made a party to that action because he held, as assignee, a subsequent mortgage upon the same premises to secure a promissory note which was due at the time the suit was commenced by Aldrich. Brown answered, and, as said in the opinion, "set up his note and mortgage, and as the note was due, if his pleadings were appropriate, as they should have been, the court could and should have ascertained" the amount due to each of the parties, and ordered a sale and the application of the proceeds to Aldrich and Brown in the order of priority.

The case at bar is materially different. Here the plaintiff, though made a party defendant to the foreclosure suit brought by Hochkofler to foreclose a prior lien, did not answer or set up his claim by cross-complaint or otherwise, and therefore the plaintiff in this action is precisely within the rule laid down in the case of *Savings Bank v. Central Market Co.*, 122 Cal. 28, 34, where Mr. Justice Temple cited *Brown v. Willis*, *supra*, and, commenting thereon, said: "I am unable to comprehend the rationale of the decision, unless it was upon the theory that the second mortgagee had made himself an actor in the case— had put his rights as mortgagee in issue, and had then, through his neglect, allowed judgment to go against him, adjudging that he had no lien or claim upon the premises. The only issue tendered to the junior mortgagee, by merely making him a party to a suit to foreclose brought by the prior mortgagee, is in the allegation that the right or claim of the junior mortgagee is subject to the lien claimed by the plaintiff in the foreclosure suit. As to any possible defense he may have to that issue so tendered, he is concluded by the decree whether he appears in the case or not. The doctrine appealed to does not and cannot go beyond that."

The question made by appellant having been thus expressly considered and decided by this court, it is not necessary to examine cases decided in other jurisdictions.

The question whether Waterman or the plaintiff is or was a redemptioner does not arise upon this record; and this remark also applies to appellants' contention that the decree in the Hochkofler foreclosure case, ordering that any surplus remaining after satisfaction of the sums due the plaintiff in that action be paid into court, is void. No issue was made as to said surplus, nor does it even appear that there was in fact a surplus, or that a sale had been made under the decree foreclosing the Hochkofler mortgage. No other questions require notice.

I advise that the judgment be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., McFarland, J., Temple, J.