## PHILIP v. STEARNS et al.

Inasmuch as by Code Civ. Proc. § 646, one having interest in property sold under mortgage foreclosure may redeem his interest, one having an interest in property sold under foreclosure and made a defendant in the proceedings cannot claim that there is a defect of parties because others having interests are not made parties.

Where, in a suit to foreclose a mortgage given for the purchase money, plaintiff offered at the trial to satisfy a prior mortgage given by the vendor, the vendee suffered no damage by reason of the prior mortgage, and his contention that he should have been allowed to prove damages by reason of the failure of warranties and covenants in his deed was untenable.

A mortgage reciting that it is executed under "hand and seal," and bearing the word "Seal" after the name of the mortgagor, constitutes a sealed instrument, within the statute of limitations barring actions on sealed instruments in 20 years; it not being necessary that a seal be impressed upon wax or on any other adhesive substance.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Stanley County. Hon. LORING E. GAFFY, Judge.

Action by James Philip, as administrator of the estate of Frank Porter, deceased, against Royal B. Stearns and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*John F. Hughes,* for appellants. *Horner & Stewart,* for respondent.

CORSON, J. This is an action to foreclose a certain mortgage executed by the defendant Royal B. Stearns, to one James Doud, to secure the payment of two promissory notes amounting to $675, with interest thereon, and which mortgage was assigned and the notes transferred to Frank Porter, deceased. The defendants named are the only persons appearing of record to be interested in the property. The complaint is in the usual form. The defendant, Royal B. Stearns, who was the only defendant who seems to have appeared in the action, served and filed an answer in which he denied each and every allegation contained in the plaintiff's complaint, and for a further answer the defendant alleged that the action herein is barred by the statute of limitations; the cause of action having accrued more than 10 years prior to the commencement of this action. For a further defense the defendant alleged that on or about the 15th day of July, 1892, Doud, together with his wife, made, executed, and delivered a certain warranty deed for the purpose of conveying to this defendant the absolute fee simple title, free and clear of all incumbrances to the lots of land described in the complaint and mortgage, in and by the terms of which they covenanted with said defendant Stearns, his heirs and assigns, that

they were well seised in fee of the lands and premises described in th said deed, and that they warranted the same to be free and clear of all incumbrances, but that prior to the execution of said deed the said Doud had executed to one Engene Steere a certain promissory note for $400, and secured the same by a mortgage on the said premises, which said mortgage still remained unsatisfied of record, and of which the said defendant Stearns had no knowledge or information at the time he received the said warranty deed, relying wholly and entirely on the statements and representations of the said Doud, that the said property was free and clear of all incumbrances. And the said Stearns demanded that the amount of the said Stearns mortgage be deducted from the amount claimed to be due from him on the mortgage in controversy in this action. Said defendant Stearns for a further defense alleged that the purchase of said property by him of the said Doud was with the knowledge and consent of the said Doud for the benefit of himself, Thomas H. Martin, Frank P. Roll, and E. R. Hayes, equally, and that the defendant Stearns afterwards executed and delivered to each of said parties a deed of conveyance of a one-fourth interest in and to the said premises, and that, by reason thereof, there is a defect of parties defendant herein, in that the said Frank Roll and E. R. Hayes were not made parties defendant in this action. And the defendant demands judgment that this action be dismissed, and that his said note and mortgage be canceled and discharged, and for such other and further relief as may appear to the court to be just in the premises.

The court found the execution of the notes and mortgage as alleged in the complaint; that the notes which the mortgage was given to secure have not been paid, and that there is due plaintiff, James Philip, as administrator of the estate of Frank Porter, deceased, upon said notes and mortgage, the sum of $1,380.44. The court further finds that in April, 1892, James Doud and wife executed a mortgage upon the premises in controversy to Eugene Steere to secure the payment of a note for $400, and that thereafter said Eugene Steere, for a valuable consideration, assigned said mortgage, together with the notes therein mentioned, to Frank Porter before the commencement of this action; that said Frank Porter

was the owner of said mortgage and notes at the time of his death, and the same came into the possession of said James Philip as plaintiff as administrator of said estate. The court further finds that said Philip, as administrator of said estate, has tendered said mortgage and notes, and assignment, and satisfaction of the same in court at the trial of this action. The court concludes from its findings that said plaintiff, as adminstrator, is entitled to a decree foreclosing the said mortgage. The appellant seeks a reversal of the judgment in this case upon the grounds (1) that there is a defect of parties, in that said Roll and Hayes were not made defendants herein; (2) for the reason that the trial court erred in not allowing defendant Stearns to prove his damages by reason of the failure of the warranties and covenants contained in the deed of Doud to him; (3) that the court erred in holding that the mortgage upon which this action was based herein was not barred by the statute of limitations, and in holding that the mortgage was a sealed instrument, the mortgage being executed on an ordinary blank form of mortgage with the the word "Seal" printed after the blank space where the name was to be written.

The contention that there is a defect of parties for the reason that Roll and Hayes to each of whom Stearns had conveyed a one-fourth interest in the property were not made parties is untenable. Stearns was a proper and necessary party, having executed the notes and mortgage, and still retaining a one-fourth interest in the property; and it was not a matter of concern to him whether or not other parties who had an interest in the property were made parties to the action. The contention that in case of a sale of the property Stearns would have been required to redeem the whole property in order to protect his one-fourth interest is clearly untenable, as a party is only required to redeem the interest that he may have in the property. Section 646, Code Civ. Proc. Stearn's interest being one-fourth, he would only be required to redeem that one-fourth interest. Kelgour v. Wood, 64 Ill. 345; Porter v. Kilgore, 32 Iowa, 379. Mr. Jones, in his work on Mortgages (volume 2, § 1405), in speaking upon this subject says: "If the mortgagor has conveyed away only a portion of the premises, and remains

owner of the residue, he may still be regarded as a necessary party, and the purchaser of the part only a proper one, because a decree against the mortgagor alone would have something to act upon, and a decree against the purchaser of a portion of the property, is not indispensable, though the portion sold to him would remain unaffected if he was not made a party."   .

Appellant's second contention is equally untenable. Stearns had suffered no damages so far as the record discloses by reason of the Steere mortgage. And the court's findings, which are sustained by the evidence, that the Steere mortgage had been transferred to Porter, in his lifetime, and the satisfaction of the same was tendered at the trial by the plaintiff, as administrator of the estate of said Porter, clearly shows that Stearns suffered no loss by reason of the Steere mortgage. Clearly, therefore, Stearns had no ground for claiming damages in this action, assuming that such a claim might be maintained for damages in this class of actions; a point we do not decide.

The third contention of the appellant presents the question as to whether or not a mortgage with the word "Seal" printed after the name of the mortgagor constitutes a sealed instrument, and the appellant contends that, at common law, such a mortgage would not be regarded as a sealed instrument, for the reason that a seal at common law must be impressed upon wax or some other adhesive substance in order to constitute a valid seal. Appellant further contends that as the notes were barred by the six-year statute of limitations the mortgage was also barred, but the latter contention is settled against the appellant by section 2039 of the Civil Code, which provides: "A lien is not extinguished by a mere lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." The law as established by our Code seems to be in accord with the general rule. The author of the article on Foreclosure of Mortgages, in 13 Am. & Eng. Enc. Law, p. 785, uses the following language: "In the greater number of jurisdictions where the question has been raised, it has been determined that the foreclosure proceedings fall within that period of the statute of limitations which per-

tains to the mortgage, and not that which applies to the note or bond, and that notwithstanding the debt itself may be barred, the equitable remedy to enforce the lien may still be employed if the statute has not run against the mortgage." Slingerland v. Sherer, 46 Minn. 422, 49 N. W. 237. This is the view taken by this court.

We are of the opinion that there is no merit in appellant's further contention that the mortgage with the word "Seal" printed at the end of his signature is not a sealed instrument within the meaning of our satute of limitations. While it is true at common law a seal was required to be impressed upon wax or other adhesive substance, that rule has been modified in this country and the printed word "Seal" is held sufficient to make the instrument a sealed instrument, where it is recited in the instrument that the same is executed under the hand and seal of the party. The author of the article on Seals, in 25 Am. & Eng. Enc. Law, p. 74, after giving the common-law rule, gives the modern rule as follows: "At an early day the courts fell away from the strict rule of the common law, and for a long time it has been held that where an instrument purports upon its face to be under seal, and it appears to be the intention to execute a deed, neither wax nor wafer is necessary to make it so. Any stamp, impression, or mark made or adopted by the signer and annexed to his signature as and for his seal will answer the purpose of sealing, as, for instance a written or ink seal, the characters 'L. S.' or the word 'Seal,' a scroll, a scrawl inclosing the word 'Seal' or a piece of paper in the form of a seal attached by mucilage, opposite the signature, or even a flourish or mark, however inconsiderable. In the absence of statute, however, obviating all necessity therefor, a scroll or some indicium of a seal is necessary." Lorah v. Nissley, 156 Pa. 329, 27 Atl. 242; Cochran v. Stewart, 57 Minn. 499, 59 N. W. 543; Osborn v. Kistler, 35 Ohio St. 99; Brown v. Jordhal, 32 Minn. 135, 19 N. W. 650, 50 Am. Rep. 560; Barnard v. Gantz, 139 N. Y. 622, 35 N. E. 205; Pickens v. Rymer, 90 N. C. 282. In the case of Lorah v. Nissley, supra, the Supreme Court of Pennsylvania says: "The day of actual sealing of legal documents in its original sense

of the impression of an individual mark or device upon wax or wafer, or even on the parchment or paper itself, have long gone by. It is immaterial what device the impression bears (Alexander v. Jameson, 5 Bin. 238), and the same stamp may serve for several parties in the same deed. Not only so, but the use of wax has almost entirely, and even of wafers very largely, ceased. In short, sealing has become constructive, rather than actual, and is in a great degree a matter of intention. It was said more than a century ago, in McDill's Lessee v. McDill, 1 Dall. 63, 1 L. Ed. 38, that "the signing of a deed is now the material part of the execution. The seal has become a mere form, and a written or ink seal, as it is called, is good." In the mortgage in controversy in this action it is recited: "In witness whereof I have hereunto set my hand and seal the day and year aforesaid." It will thus be seen that the mortgagor intended the mortgage to be a sealed instrument, and we are of the opinion that the word "Seal" at the end of the name did make it a sealed instrument within the meaning of section 58 of the statute of limitations, providing that sealed instruments shall not be barred until after the expiration of 20 years. Gibson v. Allen 19 S. D. 617, 104 N. W. 275.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.