## GREEN v. FRICK et al.

Foreclosure of a mortgage is not barred by the running of limitations against the indebtedness, but may be had at any time before expiration of the period of limitation against the mortgage itself.

A mortgage reciting, "In witness whereof, the said parties of the first part have hereunto set their hands and seals," and in which the word "seal" follows the name of each mortgagor, is a "sealed instrument" within Code Civ. Proc. § 58, permitting an action on such an instrument any time within 20 years.

It is not necessary that there should be an express covenant in a mortgage to pay the debt secured to prevent its foreclosure being barred by the running of limitations against the indebtedness.

Notes and a mortgage securing the same are to be construed together as evidencing the entire contract.

Under a clause in a mortgage securing several notes due at different times, providing that, if the mortgagor shall fail to pay any portion of either principal or interest when due, then the whole sum shall at once become due and collectable, the statute of limitations runs against all the notes upon default in payment of the first.

In a foreclosure action, the mortgagor is not privileged to assert in his own defense the rights of a mortgagee prior to plaintiff under a foreclosure by advertisement, without in some manner connecting himself with such right.

(Opinion filed, April 26, 1910.)

Appeal from Circuit Court, Minnehaha County, Hon. Joseph W. Jones, Judge.

Action by Sayles R. Green against John J. Frick and another. From a judgment for plaintiff, defendants appeal. Remanded, with directions.

*Keith & Keith* and *L. H. Wilson,* for appellants.  *M. A. Butterfield* and *Sam H. Wright,* for respondent.

SMITH, J. This action was brought by plaintiff in the circuit court of Minnehaha county to foreclose a purchase-money mortgage given by the defendants, John J. and Mary Frick, to secure payment of seven promissory notes dated July 9, 1894. The four first notes were for $300 each, due, respectively, December 1, 1895, 1896, 1897, and 1898, bearing interest at the rate of 7 per cent. per annum, two notes for $223 each, due, respectively, on December 1, 1900, and 1901, and one note for $224, due December 1, 1902. The last three notes bear interest at 8 per

cent. per annum. This action was begun in October, 1905, and was tried upon an amended complaint served in 1908. The amended complaint was in the usual form in foreclosure actions. The defendants pleaded two separate and distinct defenses: First, the six-year statute of limitations; and, second, a special defense, which will be referred to later. None of the notes or interest were ever paid, and, as ground for interposing the six-year statute of limitations against all of the notes and the mortgage, the defendant pleaded a clause in the mortgage which provides: "If the said parties of the first part shall fail to pay any portion of the above-mentioned sums either principal or interest promptly, and at the times they shall become due, respectively, as aforesaid, or shall neglect to pay all taxes assessed or to be assessed on said propterty before same shall become delinquent, or shall neglect to keep the buildings on said property insured as herein specified, then the whole sum, both principal and interest, shall at once become due and collectible." Appellants' contention is that under this clause of the mortgage the entire indebtedness became due and collectible on default in payment of the first note due December 1, 1895, and that the whole indebtedness is barred by the six-year statute; that, the indebtedness itself being barred, the mortgage is also barred, it being merely an incident to the indebtedness. So far as the right of foreclosure alone is concerned, it is immaterial, in the view we take of this question, whether the entire indebtedness became due on default in payment of the first note. This court has held that the remedy by foreclosure is not barred by the running of the statute of limitations against the indebtedness, but that the remedy by foreclosure may be invoked at any time before the expiration of the period of limitations against the mortgage itself. The mortgage as set out in the record contains the following clause: "In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and the year first above written. John J. Frick. [Seal.] Mary Frick. [Seal.] Signed and sealed and delivered in the presence of: I. J. Todd. E. J. Todd."

Is such a mortgage a sealed instrument within the meaning of our statute of limitations on sealed instruments? This precise

question was answered in the affirmative by this court in Philip v. Stearns, 20 S. D. 220, 105 N. W. 467, where Justice Corson says: "In the mortgage in controversy in this action it is recited: 'In witness whereof I have hereunto set my hand and seal the day and year aforesaid.' It will thus be seen that the mortgagor intended the mortgage to be a sealed instrument, and we are of the opinion that the word 'seal' at the end of the name did make it a sealed instrument within the meaning of section 58 of the statute of limitations (Code Civ. Proc.), providing that sealed instruments shall not be barred until after the expiration of 20 years. Gibson v. Allen, 19 S. D. 617, 104 N. W. 275." Nor is it necessary that there should be an express covenant in the mortgage to pay the debt secured thereby as contended by respondent. Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59. The California decisions cited by appellants in support of their contention are not in point for two reasons: First. Under the statute of that state, there is no distinction between sealed and unsealed instruments as to the period of limitation. In the case of Lord v. Morris, 18 Cal. 483, that court says: "Nor is there any distinction in the limitation prescribed between simple contracts in writing and specialties. Thus the statute requires an action 'upon any contract, obligation or liability founded upon an instrument of writing,' except a judgment or decree of a court of a state or territory, or of the United States, to be commenced within four years after the cause of action has accrued." The indebtedness and the remedy by foreclosure were both barred by the same statute. In 1872 the common-law rule previously in force was changed by a statute which reads: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure an action can be brought upon the principal obligation." Civ. Code. Cal. § 2911. In the case of Mutual Life Ins. Co. v. Pacific, etc., Co., 142 Cal. 477, 76 Pac. 67, commenting on this statute, that court says: "It should be remarked that section 2911 was designedly passed to change the former rule respecting the continued existence of a lien after the statute of limitations has barred the remedy upon the principal obligation. Thus the proposed Civil Code of New York (the

Field Code), from which admittedly so many of the provisions of our own Code have been taken, provided (section 1605), in accordance with the common rule: 'A lien is not extinguished by the mere lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.' Our own codifiers industriously changed this language, and declared that a lien is extinguished by such lapse of time. We have thus adopted a rule contrary to that existing at the common law (Taunton v. Goforth, 6 Dowl. & R. 384), and contrary therefore to the authorities of those states where the common-law rule has not been abrogated by express statute." But under the statute in force in this state which is identical with the Field Code above quoted, it has been held by this court that the running of the statute against the indebtedness is not a bar to an action to foreclose the mortgage. In Philip v. Stearns, supra, this court says: "Appellant further contends that, as the notes were barred by the six-year statute of limitations, the mortgage was also barred, but the latter contention is settled against the appellant by section 2039, Civ. Code, which provides: 'A lien is not extinguished by a mere lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.' The law as established by our Code seems to be in accord with the general rule." See Alexander v. Ranson, 16 S. D. 308, 92 N. W. 418, Bruce v. Wanzer, 20 S. D. 277, 105 N. W. 282; Sprague v. Lovett, 20 S. D. 328, 106 N. W. 134; Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59; Cyc. 1000, and cases cited. A very complete statement of the law upon this subject in all the states will be found in a note appended to the case of Kulp v. Kulp, 51 Kan. 341, 32 Pac. 1118, 21 L. R. A. 550.

As a part of the decree for foreclosure of the mortgage, the trial court granted an order for a deficiency judgment against defendants for the amount due on those notes maturing within six years, and this portion of the judgment is assigned as error; appellants' contention being that the entire indebtedness was matured by default in payment of the first note, that a right of

action then accrued, and the statute began to run against the entire indebtedness on that date. As we have seen, the running of the statute against the indebtedness in no manner affected the right of the mortgagee to foreclose his mortgage and subject the mortgaged property to the lien in satisfaction of the indebtedness. But the right to a deficiency judgment against the debtor on the notes presents an entirely different question. If the whole indebtedness was barred by the statute, no deficiency judgment could be had against the defendants. The rule that the notes and mortgage are to the construed together as evidencing the entire contract of the parties is too elementary to require citation of authorities.

But it becomes necessary to consider the effect of the provision of the mortgage above quoted, to the effect that, upon railure to pay any portion of the sums secured either principal or interest promptly when due, "then the whole sum, both principal and interest, shall at once become due and collectible." None of the notes or interest were ever paid, and the question is whether under this clause in the mortgage all the notes became due on the first default, so as to set the six-year statute of limitations running. The decisions of the courts upon this question in the different states are somewhat in conflict, and the question is now presented for the first time in this court. Some courts have construed such clauses in a mortgage or contract as in the nature of a penalty inserted for the benefit of the creditor, giving him an option to declare the whole sum due, and holding that the statute does not commence to run against his debt until he has exercised the option, or elected to declare the whole indebtedness due upon default. Other courts have construed such a provision in a bond or mortgage as fixing a contingency upon the happening of which the whole debt should mature at a date earlier than that fixed in the note evidencing the indebtedness. We are inclined to the view that when the contract does not in terms make the maturing of the entire indebtedness optional with the payee, but does expressly provide that upon a default the entire sum should at once become due and collectible, such words should be given

effect according to their plain import and the intent of the parties as expressed thereby. The decided cases which hold this view, it seems to us, are supported by the better reasoning. No doubt exists where the contract is clearly optional on the part of the creditor. But to hold that a contract is optional which by its express terms is plainly absolute is unwarranted by any known rule governing the construction of contracts. Nor is the case of Hall v. Jameson, 151 Cal. 606, 91 Pac. 518, 12 L. R. A. (N. S.) 1190, 121 Am. St. Rep. 137, at variance with this view. The contract in that case provided that, upon default, the mortgagee "may sell the granted premises at public auction * * * and out of the proceeds * * * retain all sums then secured by this deed." That court held that, upon a sale under the power contained in the mortgage, the balance unpaid upon the note was not matured, and an action on the note was not barred. In that case the contract was plainly open to construction, and we think was fairly construed. But the reasoning of that learned court in the earlier case of Mason v. Luce, 116 Cal. 232, 48 Pac. 72, is not so satisfactory. The court there says: "Did the statute commence to run from the time of the first default in the payment of interest, or only on the expiration of the term of credit specified in the note, towit, six months from its date? The question is novel, and somewhat embarrassing; but our conclusion is that the cause of action, within the true meaning of the statute, accrued at the expiration of the credit fixed by the note towit, six months after its date. The provision in the note to the effect that, in case of default in the payment of interest, the whole amount of principal and interest shall 'become due and payable immediately upon such default' is evidently in the nature of a penalty, inserted for the benefit of the creditor." The Supreme Court of Texas, discussing a similar question in the case of San Antonio R. E. B. & L. Ass'n v. Stewart, 94 Tex. 441, 61 S. W. 386, 86 Am. Rep. 864, says: "Most of the authorities advancing this doctrine regard the provision as being in the nature of a penalty or forfeiture of which the party to whom it may accrue is not bound to take advantage. Belloc v. Davis, 38 Cal. 242; Fletcher v. Daugherty, 13 Neb. 224, 13 N. W. 207; Lowenstein v. Phelan, 17 Neb. 429, 22 N.

W. 561; Watts v. Creighton, 85 Iowa, 154, 52 N. W. 12; Leavitt v. Reynolds, 79 Iowa, 348, 44 N. W. 567, 7 L. R. A. 365; Nebraska City National Bank v. Nebraska City Hydraulic Gaslight & Coke Co. (C. C.) 14 Fed. 764; Smalley v. Renken, 85 Iowa, 612, 52 N. W. 507; Society v. Culver, 127 Cal. 107, 59 Pac. 292; Bell v. Romaine, 30 N. J. Eq. 23; Sire v. Wightman, 25 N. J. Eq. 102. If this proposition is essential to the conclusion stated, those decisions are not to be sustained upon principle, and are opposed to the overwhelming weight of authority, by which such provisions are held to be neither penalties nor forefeitures, but simply as providing contingencies upon the happening of which the debt is to mature earlier than it otherwise would. I Pom. Eq. Jur. 439, and cases cited; Bonafous v. Rybot, 3 Burrows, 1370. * * * The question at last is one of construction of the language used, and that which makes it mean just what it says is not without reason or good authority to support it. Where the purpose is only to give the option to the creditor, language expressive of it may be easily inserted. It follows that when upon default in the payment of the first installment, the whole debt matured according to the terms of the contract, the cause of action upon it accrued and limitation began and continued to run, unless the transactions between the parties changed their rights as they existed after the default was made." In the case of Snyder v. Miller, 71 Kan. 410, 80 Pac. 970, 69 L. R. A. 250, 114 Am. St. Rep. 489, the court says: "But a more fundamental consideration is that the parties made the contract, and the courts cannot make another to take its place. Its language excludes the idea that the creditor may or may not 'treat the debt as due.' It becomes due in fact. If an election were all that the parties intended, words appropriate to that purpose should have been used." This is a well-considered case, and is directly in point in the case at bar. See, also, Morre v. Sargent, 112 Ind. 484, 14 N. E. 466; McFadden v. Brandon, 8 Ont. L. Rep. 610, 2 Am. & Eng. Ann. Cas. 853; Spesard v. Spesard, 75 Kan. 87, 88 Pac. 576. See, also, Germond v. Hermosa Ice Co., 9 S. D. 387, 69 N. W. 578. We hold that, under the specific language of the mortgage in this case, the entire indebtedness became due and collectible upon

default in payment of the first note, and that the six-year statute.
of limitations began to run against all the notes from the date
of such default. This court has held that an action may be main-
tained upon the notes regardless of the mortgage, and that the payee
is not confined to his remedy for foreclosure. St. Paul F. & M.
Ins. Co. v. Dakota Land & Live Stock Co., 10 S. D. 191, 72
N. W. 460; Bennett v. Ellis, 13 S. D. 405, 83 N. W. 429. The
statute of limitations may be pleaded as a defense to the recovery
of any judgment upon the notes, and as the indebtedness on the
notes was barred in this case by the statute, it was error to award
an order for a deficiency judgment.

The defendants pleaded in their answer, and sought to prove
on the trial, that defendants had given to other parties two other
mortgages to secure indebtedness to them, both of which were
liens prior to plaintiff's mortgage; that the second of the two
prior mortgages, given to one Russell, had been duly foreclosed
under the power contained in the mortgage, and the property
sold to Russell, the second mortgagee; That no redemption was
ever made by plaintiffs or any other person, and that a sheriff's
deed had been duly issued to Russell under the foreclosure, and
that, therefore, plaintiff's mortgage lien, being junior to the
Russell mortgage, was absolutely extinguished by said fore-
closure and deed; and that plaintiff could not maintain his action
for foreclosure because of the extinction of his mortgage lien. It
is contended by appellant, and may be conceded for the purposes
of this case, though we do not decide that question, that a fore-
closure under the power in a mortgage by advertisement and the
issuance of a deed would have the same effect on the rights of
plaintiff as an action to foreclose in court in which plaintiff was
made a party defendant. But it is clear that a judgment in a
foreclosure action would in no possible degree alter the relations
existing between plaintiff and the defendants as mortgagee and
mortgagors. In the case of Greenbaum v. Davis, 131 Cal. 146,
63 Pac. 165, 82 Am. St. Rep. 338, it is said: "Here the plaintiff,
though made a party defendant to the foreclosure suit brought by
Hochkofler to foreclose a prior lien, did not answer or set up his

claim by cross-complaint or otherwise, and therefore the plaintiff
in this action is precisely within the rule laid down in the case
of Savings Bank v. Central Market Co., 122 Cal. 28, 34, 54 Pac.
273, where Mr. Justice Temple cited Brown v. Willis, 67 Cal.
235, 7 Pac. 682, and, commenting thereon, said: "I am unable
to comprehend the rationale of the decision, unless it was upon the
theory that the second mortgagee had made himself an actor in the
case, had put his rights as mortgagee in issue, and had then
through his neglect allowed judgment to go against him, adjudg-
ing that he had no lien or claim upon the premises. The only
issue tendered to the junior mortgagee by merely making him a
party to suit to foreclose brought by the prior mortgagee is in the
allegation that the right or claim of the junior mortgagee is sub-
ject to the lien claimed by the plaintiff in the foreclosure suit."
The plaintiff here can certainly be put in no worse position under
a foreclosure by advertisement than is a junior mortgagee who is
made a party to an action in court, and, without seeking to defend
or to foreclose his junior lien, suffers a default. Under such cir-
cumstances, the plaintiff in this case would be debarred from con-
testing the priority of Russell's mortgage or the    rights of
Russell under his deed, if Russell were defending this action, but
otherwise plaintiff's rights are absolutely unaffected by the fore-
closure of Russell's mortgage. Russell is not made a party to
this foreclosure action, and the defendants are not privileged to
assert Russell's rights in their own defense without in some
manner connecting themselves with those rights. This they have
not done, either by the pleadings or by offers of proof. Indeed,
the very allegation of their answer that they themselves have
never redeemed from Russell's foreclosure shows conclusively
that they have no interest in the property affected by plaintiff's
action. There was therefore no error in the ruling of the trial
court excluding the evidence under this defense, and the defend-
ants in no possible manner could be prejudiced thereby. We have
carefully examined the assignments of error relating to the re-
formation of certain mistakes in the mortgage and find no error
in the record. We find no error in the proceedings of the trial

court except in the allowance of a deficiency judgment on the notes.

The cause is remanded, with direction to modify judgment in accordance with the views herein expressed, and, as so modified, the judgment of the trial court is affirmed.