PORTER'S ADMINISTRATOR *versus* PORTER.

A mere *recognition* or *acknowledgment*, by a bankrupt, of a debt which has been discharged in bankruptcy, creates no legal liability to pay the debt.

Such a liability can arise only upon an *express promise* to pay the debt.

A promise, by a bankrupt, to give a new note for such a debt, is not such an express promise as will sustain an action upon the original debt.

ASSUMPSIT, upon a note of hand dated in 1839.

The defendant relied upon a discharge in bankruptcy, obtained in the district of New Orleans in October, 1842, upon his petition filed in May of the same year, and on which he was decreed a bankrupt prior to Sept. 1842.

The plaintiff proved *that*, in Sept. 1842, his attorney called upon the defendant and requested payment or security for the note, and told him his instructions were to arrest, unless such payment or security was made ; *that* afterwards the defendant was told, if he would give a new note, it would be received ; *that* the defendant declared his utter inability to pay the note, but agreed to give for it a new note payable on demand, including principal and interest; and *that* the witness wrote a new note for the purpose, but the defendant did not sign it.

The case was submitted to the court for nonsuit or default.

*Fox*, for the plaintiff.

The testimony shows a new promise, sufficient in law to sustain the suit. A promise to give a new note is, by our law, a promise to pay, as the new note would be payment. The promise was made after the decree, but before the dis-

charge, in bankruptcy.   It was therefore binding.   Chitty on Con. 47, 180.

*Fessenden & Deblois*, for the defendant.

WELLS, J. — The defendant presented his petition to be declared a bankrupt, May 20, 1842, and obtained his certificate, October 10, of the same year.   Being called upon by the attorney of the plaintiff in September, 1842, to pay or secure the debt from which he was subsequently discharged, he " declared his utter inability to pay the note, but agreed to give a new one, including principal and interest for the old one, new note to be on demand."

What the defendant said would very clearly be deemed a recognition of the debt, sufficient to take a case out of the statute of limitations, before the passage of the Revised Statutes.   But the mere recognition or acknowledgment, by a bankrupt, of a debt, which has been discharged by bankruptcy, does not create a legal obligation upon him to pay the debt. Such obligation can only arise upon an express promise to pay it.

The statute of limitations barely suspends the remedy, but the bankrupt law discharges the debt.   Yet the moral obligation resting upon every one to pay his debts, is considered a sufficient consideration to support an express promise by the bankrupt.   And in such case the declaration may be upon the original contract.   1 Chitty on Plead. 40.

But the promise must be taken as it is made, and a promise to do one thing cannot be converted into a promise to do another.

The substance of the defendant's promise is, that he would pay the debt by giving a new note, he was unable to pay the money, but he would give a new note for the principal and interest.   He did not agree to pay the money on the old note, and he cannot be held to do what he did not agree to do.

His promise was verbal, to make at a future time an agreement in writing, containing a promise to pay the old

debt. He did not intend to be holden to pay the debt by what he then said, but by an ulterior act to be performed at a subsequent time, by the giving a new note. And until that event took place his new liability would not be fixed. Whether he would be in any better condition legally by giving a new note, than in promising to pay the old, was a matter for his own consideration. He was at liberty to make the proposition in such manner as suited his own purposes, and he might have expected more indulgence, by giving a new note, if it should be accepted, than in making a verbal promise to pay the old one. Since, as the testimony discloses, he was threatened with an arrest unless he would pay or secure the debt.

If the defendant had said, I will not promise to pay the old note, for I am unable to do it, but I will give a new note, would that language imply a naked promise to pay the old note? How much does that which he did use differ from this?

The defendant's language cannot be limited, by a proper construction of it, to a mere verbal promise to pay the debt, but should be coupled with the mode of the proposed payment, as expressed and intended by him.

If any action would lie against the defendant upon a promise to pay the debt, in a manner different from that provided in the original contract, it would be necessary to declare specially on such promise. *Penn* v. *Bennet*, 4 Camp. 205. As where the debt was payable in money, and there should be a new promise to pay in specific articles. The declaration in this action could only be supported by a promise to pay in money; that proved is not of such character. Although by our law the receiving a negotiable note is a presumption of payment of the debt for which it is received, yet a promise, by a bankrupt, to give a note for a debt from which he has been discharged, is not a promise to pay such debt in money.

Any commodity may be received in satisfaction of a precedent debt, but a promise to deliver it for that purpose is not a promise to pay in money. Whatever mode of payment is

adopted, when effectual, it cancels the debt, but the modes of doing it may be various. And it is a well established rule of pleading, that the allegations and proofs must correspond.

*Plaintiff nonsuit.*