## MARY E. BIGELOW *vs.* HOWES NORRIS.

Suffolk.    Nov. 13, 1884. — Feb. 27, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

A debtor, after his discharge in bankruptcy, wrote to his creditor, "I mean right; I will pay something on account;" and later, "I shall pay you something as soon as possible." *Held*, in an action on the debt, that the letters did not take the debt out of the operation of the discharge in bankruptcy.

CONTRACT upon an account annexed, for rent of a room from July 2 to September 3, 1875. Writ dated May 15, 1883. Answer: 1. The statute of limitations. 2. A discharge in bankruptcy of debts existing on July 18, 1876. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows :

The defendant made the contract alleged. On January 30, 1878, under the bankruptcy laws of the United States, he

obtained a discharge from all debts provable against his estate in bankruptcy which existed on July 18, 1876.

On October 7, 1880, the defendant wrote to the plaintiff the following letter: "When I come to Boston I will call and see you. I mean right; I will also pay something on account."

On February 28, 1881, the defendant wrote a letter to the plaintiff, containing the following: "I shall pay you something as soon as possible."

After said letters, and before this action, the defendant was in Boston, and had the ability to pay the account declared on.

The judge ruled, upon the above facts, that the defendant's letters constituted a new promise in writing by him to pay said account; and that this new promise avoided in legal effect his defence in this action of the statute of limitations, and of a discharge in bankruptcy; and found for the plaintiff, and ordered judgment accordingly. The defendant alleged exceptions.

*A. M. Goodspeed*, for the defendant.

*L. L. Stimpson*, for the plaintiff.

HOLMES, J. The strength of the plaintiff's case is in the words, "I will also pay something on account." There is force in the suggestion that the words "on account" recognize the debt as subsisting, and therefore imply a promise to pay it. But it is to be remembered that the defendant has as much right to his defence as the plaintiff once had to her recovery. The law cannot be supposed to look with disfavor upon a bar of its own creation. Hence the defendant is not to be deprived of his right, unless he uses words that plainly mean to renounce it, or at least express a clear undertaking for the future, which is inconsistent with further reliance upon the discharge. This is the meaning of the often repeated statement, that a new promise, to avoid the effect of a discharge in bankruptcy, must be distinct and unequivocal, (*Merriam* v. *Bayley*, 1 Cush. 77, and *Elwell* v. *Cumner*, 136 Mass. 102, 104,) a statement which is equally correct in principle, whether the obligation when revived stands on the new promise as such, or on a waiver of the bar which the statute has given the defendant to use or renounce at his will, which is the view adopted by our decisions, although they sometimes seem to imply that such a waiver can only be accomplished by a promise. *Cook* v. *Shearman*, 103 Mass. 21.

*Way* v. *Sperry*, 6 Cush. 238. *Ilsley* v. *Jewett*, 3 Met. 439, *Maxim* v. *Morse*, 8 Mass. 127. See *Cambridge Institution for Savings* v. *Littlefield*, 6 Cush. 210, 213; *Kelley* v. *Pike*, 5 Cush. 484, 486.

It follows from what has been said, that an admission that the debt was incurred and has not been satisfied, or, in the language of Chief Justice Shaw, " an acknowledgment of the existence of the debt," is not enough to prevent a defendant from relying on his discharge. *Pratt* v. *Russell*, 7 Cush. 462, 464. Neither is a part payment on account. *Cambridge Institution for Savings* v. *Littlefield*, and *Merriam* v. *Bayley*, *ubi supra*. It stands on a different footing from part payment of a debt barred by the statute of limitations, which has been allowed a greater effect. Pub. Sts. *c.* 197, § 16. *Ilsley* v. *Jewett*, 2 Met. 168. We see no reason why a promise to pay a sum on account should do what an actual payment of it would not do. The words " on account " simply admit the existence of the original debt unsatisfied, and apply the payment to it. They do not in terms waive any defence, and the implication of a new promise is excluded by the promise which is expressed. The latter promise is not to pay the debt, but to pay " something," that is to say, a sum the amount of which the defendant reserves the right to determine himself. It cannot therefore do more than revive a nominal portion of the debt.

The words " I mean right " neither amount to a sufficient promise of themselves, nor enlarge the effect of the following words, which have just been discussed. *Elwell* v. *Cumner*, *ubi supra*. *United Society* v. *Winkley*, 7 Gray, 460. *Allen* v. *Ferguson*, 18 Wall. 1.

The second letter is not so strong as the first, and is disposed of by the same considerations and authorities.

*Exceptions sustained.*