## AARON BREWER v. JEREMIAH W. BOYNTON, HIRAM KNAPP, AND HARRY H. IVES.

*Pleading—Assumpsit—Debt—Statute of limitations—Notice—Bills and notes—Release of prior indorser—Joint debtors—Discharge in bankruptcy—New promise.*

1. Where an action was commenced on a judgment by a summons in *assumpsit*, but the declaration was in *debt*, and the defendant gave notice that the cause of action did not accrue within *ten* years, within which time the suit was commenced, the variance is of no consequence.

2. An endorser of a note who signs his name below that of the payee, to whose order it is drawn, is liable as a *subsequent* and not *joint* indorser, and is released by the release of the payee without his consent.

3. Nothing amounts to a new promise to avoid a discharge in bankruptcy that is not intended distinctly as a recognition and renewal of the debt as binding. *Craig v, Seitz*, 63 Mich. 727.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued June 19, 1888. Decided July 11, 1888.

Debt on judgment. Defendants bring error. Reversed. The facts are stated in the opinion.

*W. E. Grove (Dallas Boudeman*, of counsel), for appellants Boynton and Knapp.

*J. H. Tompkins*, for appellant Ives.

*Taggart, Wolcott & Ganson*, for plaintiff.

CAMPBELL, J. This is an action on an old judgment rendered in the superior court of Grand Rapids, in favor of James H. Brown, upon a promissory note made by Boynton to the order of Erastus U. Knapp, and indorsed by Erastus U. Knapp and defendants Harry H. Ives and Hiram Knapp in blank, in the order named. This judgment was finally rendered October 13, 1877. Hiram Knapp was not served within the city of Grand Rapids, but was served in the county of Kent. Some question was raised upon the jurisdiction to render judgment against Hiram Knapp, which, in the view we take of the case, is not very important.

This judgment was assigned to plaintiff soon after it was rendered. Boynton was discharged in bankruptcy. Erastus U. Knapp was treated by plaintiff as a joint promisor with Boynton, Ives, and Hiram Knapp, and was released on payment of one-fourth of the judgment.

The present action was brought by summons in *assumpsit*, and was afterwards changed by declaration in debt. It is claimed that as an action of *assumpsit* it was barred in six years from the date of the original judgment, and that it was not competent, by filing a declaration in debt, to cut off the right of pleading, as in *assumpsit*, anything which would bar such an action. But it appears that no such point was raised in the pleadings. The notice of the defense of the statute of limitations was that the cause of action did not accrue within 10 years; and, as the suit was begun within 10 years it was properly begun. The variance between the writ and declaration is of no consequence for any other purpose.

The case was presented below, and ruled by the court, on the ground that all the defendants were joint promisors

with Erastus .U. Knapp, and upon this ground a verdict was ordered to be rendered against Ives and Hiram Knapp. But this is an error. The note was made payable to the order of Erastus U. Knapp alone. This being so, Hiram Knapp and Ives were not joint indorsers with Erastus, but were subsequent indorsers. Their liability is governed by the form of the contract which they made, and the holder of the note could not lawfully charge them in any other way. *Stewart v. Bank,* 40 Mich. 348; *Smith v. Long,* Id. 555; *Greusel v. Hubbard,* 51 Id. 95 (16 N. W. Rep. 248). Erastus Knapp was liable to his indorsers if they should pay the note, but they could under no circumstances be liable at law to him. His discharge without their consent discharged them, as he was not a joint promisor with them. The court erred in holding that the jury were bound to give a verdict against them.

. Boynton, being the primary debtor, was not released by releasing Erastus Knapp. He pleaded and showed a discharge in bankruptcy. Reliance was had on a new promise, and he did not plead the statute of limitations.

The alleged proof of a new promise was by two witnesses. The plaintiff was one, and Harry H. Ives the other. The discharge was granted April 30, 1878.

Plaintiff swore that since April 8, 1878, he had had conversations with Boynton; but could fix no date prior to the commencement of suit, nor any place but the street. He says he met Boynton on Monroe street, about four or five years ago, with his head down, and said to him:

"'Hello, Jerry! I want you to speak to a fellow, if you haven't got any money.' 'Brewer,' he says, 'I am going to pay that judgment; you shall never lose a cent on it.'"

This is all that plaintiff swore to. He showed no negotiations on the subject, and no previous conversation. What he says about subsequent interviews is not definite enough to be of any force. Ives testified that he saw

Boynton at Brewer's request, and that Boynton said that he had not a dollar in the world.    On one occasion he said he had paid out— ·

"Over $40,000 in cash on those old matters, and before snow flies I will have them all wiped out, and you shall not be troubled."

It appears that those matters exceeded $140,000, and Ives said Boynton made no distinction among the different claims.

It is evident that the conversations with Ives did not involve any promise to pay plaintiff, or any intention to prefer his claim over the rest.   It had no tendency whatever to corroborate plaintiff, and the court erred in leaving it to the jury for any such purpose.   It had no relevancy to any issue in the case, and had a tendency to mislead the jury.

Under our decision in *Craig v. Seitz*, 63 Mich. 727 (30 N. W. Rep. 347), nothing amounts to a new promise to avoid a discharge in bankruptcy that is not intended distinctly as a recognition and renewal of the debt as binding.   It is very difficult to see, in what Boynton said to plaintiff, anything more than a purpose to pay it at some time or other.   It would hardly amount to an absolute promise without a more distinct proof of such an intention.   Had not the testimony of Ives been allowed to stand as corroboration, it is not likely the jury would have found any promise to have been made.   We do not decide that the statement sworn to by Brewer, and denied by Boynton, might not be made significant by other proofs and conduct.   But the benevolent purpose of the bankrupt law ought not to be defeated on any doubtful testimony.   The English law wisely requires the new promise to be in writing; but even with this precaution it has been held uniformly that the promise must be unequivocal.

71 MICH. 17.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.