TEUNIS S. SLINGERLAND, Administrator, *vs.* JOHN SHERER and Wife.

July 1, 1891.

**Action to Foreclose Mortgage—Personal Judgment for Deficiency—Limitation.**—Where, in an action of foreclosure, the plaintiff seeks to obtain a personal judgment against the mortgagor for the debt, as well as a decree of foreclosure, the 6-year limitation prescribed by section 6, c. 66, Gen. St. 1878, and not the 15-year limitation prescribed by section 11 of the same chapter, applies, so far as the action is one for a personal judgment.

Plaintiff, as administrator of the estate of Elbert Slingerland, deceased, brought this action in the district court for Dodge county, in September, 1890, to foreclose a mortgage made by defendants to his intestate on November 21, 1878, as security for the payment of a note of $1,500, bearing the same date, and payable five years thereafter, with interest annually, from date until paid, at the rate of 12 per cent. per annum, upon which no payment of interest or principal had been made, except $300 paid February 27, 1879. The complaint prays for judgment against the defendants for the full amount due on the note and mortgage and for $75 attorney's fees stipulated in the mortgage, and for a sale of the mortgaged premises, etc. As a defence to the cause of action against defendants personally, they pleaded that it did not arise within six years, and is barred by the statute of limitations. The action was tried by *Buckham*, J., who found, among other things, that Elbert Slingerland died, intestate, on July 12, 1880, and that on July 5, 1890, the plaintiff was duly appointed his administrator, and ordered judgment against defendants personally for the amount ($3,024.32)

found due on the mortgage, with interest from the date of the decision, with costs and disbursements, (including the $75 attorney's fees stipulated in the mortgage,) and directing a sale of the premises, and that, on the confirmation of the report of sale, the plaintiff have execution for any balance of the judgment then remaining unpaid. The defendants appeal from the judgment entered on the decision, and from an order sustaining the clerk's taxation of costs.

*Robert Taylor,* for appellants.

*Chas. C. Willson,* for respondent.

MITCHELL, J. This is an action of foreclosure wherein the plaintiff seeks to obtain, not only a sale of the mortgaged premises, but also a personal judgment against the defendants for the debt secured by the mortgage. The defendants admit his right to a decree of foreclosure, but allege that the right to a personal judgment for the debt is barred by the statute of limitations. The only question is whether, as relates to the remedy of a personal judgment, the 6-year limitation prescribed by section 6 or the 15-year limitation prescribed by section 11, *c.* 66, Gen. St. 1878, as amended, applies. The provisions of statute bearing upon the questions are as follows:

Gen. St. 1878, *c.* 66, § 3. "Actions can only be commenced within the periods prescribed in this chapter."

"Sec. 6. Within six years, an action upon a contract or other obligation, express or implied."

Sec. 11, (as amended by Laws 1887, *c.* 69.) "Every action to foreclose a mortgage upon real estate shall be commenced within fifteen years after the cause of action accrues."

Chapter 81, tit. 2, § 29. "Judgment shall be entered under the direction of the court, adjudging the amount due with costs and disbursements, and the sale of the mortgaged premises, or some part thereof, to satisfy said amount, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales of real estate on execution, and make report to the court."

"Sec. 33. Upon confirmation of the report of sale, the clerk shall enter satisfaction of the judgment to the extent of the sum bid for the premises, less expenses and costs, and for any balance of said

judgment execution may issue as in other cases; but no such execution shall issue on such judgment until after a sale of the mortgaged premises, and the application of the amount realized as aforesaid."

The trial court held that the 15-year limitation applies, and in his memorandum bases his decision upon the following grounds: "There is no reason why full force and effect should not be given to all the provisions of title 2, *c.* 81, and section 11, *c.* 66, of the statutes, notwithstanding section 6 of the last-mentioned chapter. The right to foreclose a mortgage by action within fifteen years after the cause of action accrued means the right of a full foreclosure with all its incidents, among which is the provision for a judgment to be entered adjudging the amount due, directing a sale of the mortgaged premises, the application on the judgment already entered of the net proceeds of the sale, and the issue of execution for any balance of such judgment as in other cases." Substantially the same line of argument is advanced here by counsel for the plaintiff. The fallacy in this argument consists in the assumption that the provisions of title 2, *c.* 81, referred to, either make a personal judgment for the debt an essential element of a foreclosure suit, or give the mortgagee the right to such a judgment in all cases where he can maintain an action to enforce the lien of his mortgage. The language of the statute neither expressly nor by necessary implication contains any such provisions. Good reasons may be assigned why a different limitation should be placed upon the right to enforce the lien of a mortgage from that placed upon the right to recover a personal judgment on the debt; but there is no reason in the nature of things why, in respect to the remedy of personal judgment, different limitations should be applied to secured and unsecured debts; and it would require very clear and explicit language to that effect to warrant the conclusion that the statute was intended to establish any such distinction. Where a debt is secured by mortgage, the creditor, if default be made, has two distinct remedies, to wit: (1) The recovery of a personal judgment for the debt; and (2) the foreclosure of the lien of the mortgage upon the land. Under the old practice both remedies might be pursued (either consecutively or concurrently) in separate actions at law and in equity. The court of chancery never

rendered any personal judgment for the debt, or for any deficiency after sale of the land. If the mortgagee wished to pursue any such remedy he had to resort to the law court for that purpose. But under the reformed practice both remedies may, in a proper case, be obtained in the same action. One of the remedies, however, may be lost without affecting the other. The mortgage may be discharged or released without affecting the personal liability of the mortgagor; and, on the other hand, the personal liability may be terminated by the statute of limitation, a discharge in bankruptcy, or by convention of the parties, without extinguishing the lien of the mortgage. Also a mortgage may be executed without the mortgagor being personally liable. The person who is personally liable for the debt may not be a party to the suit, as when the mortgagor has parted with all his interest in the land. Again, the person who is entitled to recover the personal judgment may not be the person entitled to foreclose the mortgage. Such was the case of *Welsh* v. *First Div., etc., R. Co.,* 25 Minn., 314, in which we had occasion to consider and construe some of the provisions of this same statute. In fact, a variety of cases may exist where the right to enforce the mortgage still exists, but the right to recover a personal judgment for the debt has been lost, and consequently where the only judgment that could be rendered would be one of foreclosure. But in all cases of foreclosure it is necessary to have a judgment adjudicating the amount due on the mortgage in order to determine the sum to be realized out of the security; and in cases where, for any cause, the plaintiff is not entitled to a personal judgment for the debt, this is its only purpose and effect. *Welsh* v. *First Div., etc., R. Co., supra.*

The provision of section 33, *c.* 81, to the effect that "for any balance of said judgment execution may issue," can only apply to cases where the plaintiff is entitled to a personal judgment over against the mortgagor. This, we think, is all that the statute means. Had it been intended to introduce into our statutes so radical a change as that contended for, at once so unreasonable and so different from the rule which obtains in other jurisdictions under statutes somewhat analogous, we think such an intention would have been expressed in

clear and unmistakable language, and not left to be spelled out by inference or a forced construction.

By the terms of the mortgage the mortgagee was empowered, in case of default, to sell the land and pay the debt and costs of the proceedings and $75 attorney's fees. The defendants object that this $75 was included in the taxable costs of the suit, instead of being added, as they claim it ought to be, to the amount due on the mortgage. This is not a matter of any practical importance in this case, for, as the personal liability of the defendants on the debt is barred by the statute, and as they are not contesting plaintiff's right to enforce the lien of his mortgage, there can be no personal judgment against them for costs. Therefore it makes no difference to them whether the $75 be included in the costs or added to the mortgage debt. In neither case will it be a personal claim against them, and in either case it will be taken out of the proceeds of the sale of the mortgaged premises.

Cause remanded, with direction to the court below to modify the judgment in accordance with this opinion.