# TOMPKINS v. HAZEN.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

1. BANKRUPTCY—DISCHARGE—NEW PROMISE.

 Defendant, being indebted to plaintiff, procured a discharge in bankruptcy. Subsequently he conditionally promised to pay the debt, and repeated this promise several times without the condition, and made payments thereon. *Held*, that the promise was sufficient to support an action for the original debt.

2. SAME—WAIVER OF CONDITIONS.

 A condition in a promise to pay a debt discharged by bankruptcy proceedings is waived by the promisor making payments on the debt prior to the happening of the condition.

 Goodrich, P. J., dissenting.

Appeal from trial term, Putnam county.

Action by Mary E. Tompkins against Byron E. Hazen. Verdict for the plaintiff, and from a judgment entered thereon the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

William P. Fiero, for appellant.

Frederic S. Barnum, for respondent.

HATCH, J. In the case of Dusenbury v. Hoyt, 53 N. Y. 521, it was settled that, while the legal obligation to pay a debt was extinguished by a discharge in bankruptcy, the moral obligation to pay remained, and that this obligation, when united with a subsequent promise to pay the debt, gave a right of action. It was also held in that case that a plea upon the original debt was a good plea, and that no reply was needed in order to prove the new promise, in avoidance of a plea setting up the discharge in bankruptcy. This has been the established rule since. Argall v. Jacobs, 21 Hun, 114; Graham v. O'Hern, 24 Hun, 221. The promise which will revive the debt must express a clear intention to pay the same. Partial payment will not, of itself, answer for this purpose. In this respect the rule is different as applied to a debt barred by the statute of limitations, where by reason of a payment in part is raised the implication of a promise to pay the residue. Lawrence v. Harrington, 122 N. Y. 408, 25 N. E. 406. An indorsement of a payment made by the debtor upon the obligation has been held insufficient to revive a debt discharged in bankruptcy. Merriam v. Bayley, 1 Cush. 77. The payments in the present case were sufficient to avoid a plea of the statute of limitations, and the debt, as to such statute, was kept alive. The evidence to support a promise is found in the testimony of the plaintiff, in letters which were written by the defendant, and in the payments which were made. The plaintiff testified that the defendant said "when the city of New York paid him for his property, here, he would surprise me, and settle with me the whole amount. Q. The whole amount of this obligation? A. Yes, sir." Upon cross-examination she testified that he said, "If you will only wait—hold on a little longer—until the New York folks pay me, then I will pay you." This evidence was sufficient to establish an express promise to pay the debt, but it was coupled with a condition; and, before an action could be successfully maintained, it would be necessary to establish, as a condition precedent, that the contingency upon which the promise was founded had happened. Sherman v. Hobart, 26 Vt. 60; Wakeman v. Sherman, 9 N. Y. 85. It appears, however, that subsequent to the making of this promise the defendant made five different payments, in money, upon the note, and gave to the plaintiff two checks of $10 each. In addition to this, and upon February 1, 1889, he sent an order of $15 to the plaintiff, to trade out at the store of E. J. Wilson. On March 14, 1890, he sent another order, of $10, upon the same store. In the letter which accompanied the first order he states: "This will help you a small amount, till I can do better." In the second letter he says: "Please keep account of what I have paid you. I * * * hope that you may yet have better health, and now and then get a share of what is due to you from me." This testimony, coupled with defendant's oral declarations, clearly authorized the jury to find a recognition of the debt, an inten-

tion to pay it, and a promise so to do. This is clearly sufficient, if the promise be treated as unconditional. Allen v. Ferguson, 18 Wall. 1. In all of the payments which were made subsequent to the making of the promise to pay, nothing was said in reference to any condition, and the same is true of the statements contained in his letters. The promise was made about 1885, the letters were written in 1889 and 1890, respectively, and the payments continued to be made down to May 3, 1896. We think that these acts of payment, and his written declarations, without any reference to a condition under which he should pay, are inconsistent with an intention upon his part to insist upon the condition which he had previously imposed. Upon the evidence, the jury were authorized to find that the defendant waived any condition which he had imposed, and intended in any event to pay the debt. It is true that the court viewed the conditional promise as sufficient upon which to found a verdict, even though the contingency had not been shown to have happened. But the defendant presents nothing to us from which he may advantage by this view. His motion for a nonsuit was based upon the ground that the plaintiff had failed to prove a new promise, as required by law, or facts sufficient to charge the defendant with liability. This motion was properly denied, for the reason that, if the plaintiff was to be believed, an express promise to pay was proved. And, if the motion can be treated as raising the question that the happening of the condition was not established (an assumption which we deny), yet the jury were authorized to find a waiver of such condition from the subsequent acts of the defendant, and his declarations. When the court suggested that the promise was sufficient without reference to the condition, counsel made no suggestion that a recovery could not be had without proof of the happening of the condition, but contented himself with taking an exception to the denial of his motion. At the close of the whole case the defendant simply made a motion to direct a verdict for the defendant, without adding any new grounds; and he acquiesced in the submission of the case to the jury upon the view of the court, as he took no exception to the charge, and made no requests to charge upon this subject. It must be assumed, therefore, that the defendant's sole contention rested upon the ground that no express promise to pay was established, or could be found. In this respect the testimony clearly authorized the verdict. If, however, the other question, of failure to establish the happening of the condition, had been raised, it cannot avail the defendant, as the jury were authorized to say that the defendant waived such condition.

The judgment should be affirmed. All concur, except GOODRICH, P. J., dissenting.

GOODRICH, P. J. I dissent from the prevailing opinion of Mr. Justice HATCH, as I do not find evidence sufficient to predicate a waiver of the condition attached to the defendant's promise. The condition was that, when "the New York folks pay me, then I will pay you." In Lawrence v. Harrington, 122 N. Y. 408, 414, 25 N. E. 406, the court cited with approval the opinion of the court in Allen

v. Ferguson, 18 Wall. 1: "Nothing is sufficient to revive a discharged debt, unless the jury are authorized by it to say that there is an expression by the debtor of a clear intention to bind himself to the payment of the debt." Payments on account of a lapsed debt are not sufficient to revive a debt discharged in bankruptcy. Merriam v. Bayley, 1 Cush. 77. I think there is a clear principle, established by the authorities, to hold strictly that there must be an express promise to pay a debt discharged by bankruptcy, without any attached condition. I think that the evidence to establish a waiver of this condition must be equally strong with evidence to establish the original promise, and that there is no evidence of any waiver, except the fact of payments, which would not be sufficient to establish a promise to pay a debt discharged by bankruptcy.