JOHN L. SMITH v. LYMAN L. STANCHFIELD.[1]

November 8, 1901.

Nos. 12,814—(79).

**Discharge in Bankruptcy—Revival of Debt.**

To revive a debt which has been paid by judgment in bankruptcy, an oral promise is sufficient, but it must be clear and unequivocal. If such promise is based upon a condition, then it must be shown that such condition has been complied with.

**Offer to Pay.**

In this case the maker of a promissory note agreed to pay the debt if the payee would give him time. In the absence of proof that the offer was accepted, and a definite time fixed, such offer did not justify a finding that the debt had been revived.

Appeal by defendant from an order of the municipal court of

[1] Reported in 87 N. W. 917.

Minneapolis, Holt, J., denying a motion for a new trial. Reversed.

*Robert R. Odell*, for appellant.

*Ezra R. Smith*, for respondent.

LEWIS, J.

Action upon a promissory note dated March 11, 1895, due in thirty days. Defense, that the defendant was adjudged a bankrupt upon May 23, 1899, and duly discharged as such on July 8, 1899. Reply, that after July 8, 1899, and before commencement of the action, defendant ratified, confirmed, and renewed the original promise to pay the note. The trial court found that, subsequent to defendant's discharge in bankruptcy, he promised and agreed to pay the note, and ordered judgment for the plaintiff. Thereupon defendant appealed.

The assignments of error present only two questions to this court: (1) Whether or not the findings of fact are sustained by the evidence. (2) Are the conclusions of law warranted by the facts? The evidence produced at the trial on behalf of plaintiff is confined to his own testimony, which is as follows:

"Q. At the time of your buying this wood, was there anything said of a note of one hundred and five dollars? A. Yes, sir. I requested Mr. Stanchfield to apply what I owed him for the wood on this note. That it had been carried along, and he had repeatedly promised to pay it, but had failed to do so; and he replied, as I have stated, that the wood wasn't his, but, he added, he was just getting started, and he didn't want me to crowd it, but he would pay every dollar of that note if I would give him time to do it. * * * Q. Mr. Smith, was there at any other time anything said between you and Mr. Stanchfield as to the payment of this note since November, 1899? A. Well, there were a great many times that we talked the matter over. I remember distinctly that during the spring of 1900—probably two or three months after this wood transaction—he again made the statement that the note would be paid, and that he was willing to renew it at any time." Cross-examination: "Q. Did you renew it? A. I hadn't asked him to. I knew nothing about his bankruptcy."

Defendant denied these statements, and testified that he had informed plaintiff that he had legally paid the note in bankruptcy;

that he was unable to pay it, as he had nothing with which to pay.

It is well settled that an oral promise is all that is necessary to revive a debt adjudged dead by bankruptcy proceedings. The form of language employed in such promise is not important, but it must be clear and unequivocal, and express a distinct intention to recognize payment of the debt. If a promise is coupled with any conditions as to time or ability to pay, the fulfilment of such conditions must be shown. From the evidence in this case we are satisfied that there was not such a clear and distinct promise to pay the note as to revive the indebtedness.

All that is said about payment at the time of the wood transaction is based upon the condition that plaintiff grant defendant time, and there is nothing in the evidence from which to assume that defendant either accepted or rejected the condition; and, as to defendant's further promise to pay the following spring, that, too, is qualified by the statement that he was willing to renew the note at any time, and plaintiff acknowledges that he had not even asked defendant to renew the note. The evidence is sufficient to justify a holding that defendant promised to pay the debt if plaintiff would give him time, or let him renew the note; but there is a total failure, not only in the pleadings, but in the evidence as well, to show that such condition was accepted or acted upon by plaintiff. The following authorities may be consulted upon this proposition: Elwell v. Cumner, 136 Mass. 102; Bigelow v. Norris, 139 Mass. 12, 29 N. E. 61; Pratt v. Russell, 7 Cush. 462; Harris v. Peck, 1 R. I. 262; Tompkins v. Hazen, 30 App. Div. (N. Y.) 359, 51 N. Y. Supp. 1003; Allen v. Ferguson, 18 Wall. 1.

Order reversed.