### D. H. EVANS v. MARY STAALLE.[1]

January 9, 1903.

Nos. 13,333—(191).

**Action to Enforce Trust.**

>     Certain land was conveyed to the defendant by third parties, and one-third of the purchase price therefor was paid by her husband. The plaintiff, at the time the conveyances were made, was a judgment creditor of the husband, and this action was brought against the defendant alone to enforce a trust in the land to the extent necessary to satisfy the plaintiff's judgment. *Held*, that the complaint states a cause of action, that the discharge of the husband from his debts in bankruptcy did not affect the plaintiff's right to enforce the trust, that the plaintiff had a right to call the defendant and examine her touching the issues in the action without the consent of her husband, and that the evidence sustains the findings of fact of the trial court.

Appeal by defendant from a judgment of the district court for Murray county, P. E. Brown, J. Affirmed.

*M. E. Mathews*, for appellant.

*Jay Henry Long* and *N. J. Robinson*, for respondent.

START, C. J.

Action in the district court of the county of Murray to enforce a resulting trust in favor of the plaintiff as a creditor of the de-

[1] Reported in 92 N. W. 951.

fendant's husband, Christ Staalle, hereafter designated as the "debtor."

The facts, in brief, as established by the verdict of the jury and the findings of the trial judge, are substantially these: In the year 1892 the debtor was indebted to the plaintiff in the aggregate sum of $117.25, and on November 11, 1897, the plaintiff duly recovered and docketed a judgment against him therefor in the sum of $224.17, including interest and costs. On March 19, 1901, execution was duly issued on the judgment, and returned wholly unsatisfied. On November 28 and December 19, 1900, respectively, land aggregating one hundred sixty acres, being the two tracts of eighty acres each described in the complaint, was conveyed to the defendant by the then owners thereof. The debtor paid one-third of the consideration for the conveyance of such tracts of land, and the title was taken in the name of the defendant as grantee to hinder and defraud the creditors of the debtor. This action was commenced in April, 1901, and the complaint alleged, with others, the facts we have stated.

The answer of the defendant to the complaint admitted that the tracts of land described in the complaint were conveyed to her at the dates stated in the complaint, and denied the other allegations thereof. On April 6, 1902, the defendant moved the court for leave to serve an amended and supplemental answer, setting up the fact that on November 16, 1901, the debtor, Christ Staalle, was discharged in bankruptcy from all of his debts existing on January 19, 1901, on which day he filed his petition for adjudication under the act of congress relating to bankruptcy. The motion was denied, and the trial proceeded upon the original pleadings.

The trial court, as a conclusion of law, directed judgment in favor of the plaintiff to the effect that the defendant holds the title to an undivided one-third of the two tracts of land here in question in trust for the plaintiff to the amount of his judgment, which is a lien thereon, and, further, that the plaintiff is entitled to a lien on a third tract of land to the extent of $51.92, as to which it is unnecessary to state the facts. Judgment was so entered, from which the defendant appealed.

1. The first assignment of error to be considered is that the complaint does not allege facts constituting a cause of action, because it does not state that the debtor was ever the owner of any interest in the land in question, nor that he was ever the owner of any of the consideration paid therefor, nor any facts tending to show any intention to defraud any of his creditors, or that any of them were defrauded. No one of these objections to the complaint is well taken. The complaint alleges that the land in question was conveyed to the defendant, and that the purchase price thereof was paid by the judgment debtor, and the title thereto taken in the name of the defendant to defraud creditors. Upon these facts there presumptively arose a trust in favor of the creditors of the debtor at the time such conveyance was made. It was only necessary to allege such facts in the complaint. G. S. 1894, § 4281; Rogers v. McCauley, 22 Minn. 384. It was sufficient to allege in the complaint that the debtor paid the purchase price, without also alleging that he was the owner thereof. The legal title to the land was vested in the defendant by the conveyance to her, and no interest or trust in the land resulted in favor of the debtor by reason of his paying part of the purchase price or otherwise. Subject to the trust in favor of then existing creditors, the defendant became, by the conveyance, the absolute owner of the land. G. S. 1894, § 4281. Such being the effect of the conveyance to the defendant, it would have been absurdly untrue to have alleged in the complaint that the debtor had some interest in the land.

2. The order of the court denying the defendant's motion to file a supplemental answer pleading the debtor's discharge in bankruptcy is urged as error. The trial court, in the exercise of a fair discretion, might well have denied the motion on the ground that it was not made with reasonable promptness. But, this aside, the order was right on the merits, for the debtor's discharge was immaterial. No title to the land passed to the trustee in bankruptcy. The discharge in bankruptcy did not pay or extinguish the plaintiff's debt, nor relieve the defendant's land from the trust with which it was charged by operation of law for the

payment of the debt. The only effect of the discharge was to relieve the debtor from all legal obligations to pay the debt, leaving all liens or trusts securing the debt unimpaired. Lowell, Bank. §§ 242-244; Smith v. Stanchfield, 84 Minn. 343, 87 N. W. 917. Now, when the land in this case was conveyed to the defendant upon a consideration paid by the debtor, a trust in favor of the plaintiff as a creditor attached to the land to the extent necessary to satisfy his debt, which could be defeated only by disproving any fraudulent intent. This trust could be enforced after the debtor's discharge, although all personal remedies against him to secure payment of the debt had been thereby extinguished, precisely the same as a mortgagee may foreclose his lien on the mortgaged premises, and thereby secure payment of his debt, although an action to recover it from the mortgagor be barred by the statute of limitations. Slingerland v. Sherer, 46 Minn. 422, 49 N. W. 237.

3. The defendant was called by the plaintiff, and cross-examined under the statute touching the issues of the action. This was objected to by her on the ground that she was the wife of the debtor, who had not consented that she might give evidence in the case. The objection was overruled, and the ruling is assigned as error. It was correct. The husband was not a party to the action, and the issues were between the plaintiff and defendant alone. She was called as a witness against herself, and not against her husband, who was not a necessary party to the action, and had no interest in the land. Leonard v. Green, 34 Minn. 137, 24 N. W. 915. The defendant was not examined by the plaintiff as to any communications between herself and husband to which any objections were made.

4. The last assignment of error meriting consideration is that the trial court's findings of fact are not sustained by the evidence. Upon an examination of the record we have reached the conclusion that the evidence fairly supports the findings, and so hold.

Judgment affirmed.