INTERNATIONAL HARVESTER COMPANY OF AMERICA v. FRANK J. LYMAN.[1]

July 17, 1903.

Nos. 13,519—(174).

**Bankruptcy—New Promise to Pay.**

To revive a debt which has been discharged in bankruptcy, a conditional promise thereafter to pay the original obligation in instalments must be accepted by the creditor.

[1]Reported in 96 N. W. 87.

**Revival of Debt.**

> Where, after such discharge, in response to an offer by the debtor to pay the original obligation in instalments, the creditor declines to assent to the conditions, and insists upon payment of the whole amount, the debt is not revived.

Appeal by plaintiff from a judgment of the district court for Hennepin county in favor of defendant, entered pursuant to an order of Elliott, J. Affirmed.

*Brown & Kerr,* for appellant.

*Arthur M. Higgins* and *M. H. Boutelle,* for respondent.

LOVELY, J.

Action on a promissory note, from which defendant had been relieved by a discharge in bankruptcy. Subsequent thereto it is claimed a new promise revived the original obligation. The cause was tried to the court, who made findings and ordered judgment for the defendant, which was entered. Plaintiff appeals.

Upon this review we are required to adopt the conclusion of the trial court that defendant became legally indebted to plaintiff upon a promissory note, but was relieved therefrom by a valid discharge in bankruptcy. After such discharge the authorized representative of the owner of the note wrote defendant August 22, 1902, demanding payment. In response, defendant answered by letter, the material portion of which we here quote:

> "Yours received and contents noted. On the 10th of September I will send you $50, and after that will make you payments until our estate is settled in full, then your business will all be squared up."

Three days later the recipient of this letter replied:

> "I am in receipt of yours of the 22nd, replying to mine of recent date, and desire to say that I do not feel that you are treating us fairly, and furthermore we will not be satisfied with your paying $50 next month, and further payments from month to month until the indebtedness is paid. If we were to accept your proposition it would take seven months for you to pay the balance that is due on your note, and we do not feel that we can wait that long," etc.

Plaintiff necessarily rests its right to recover upon this portion of the correspondence, on the ground that the moral obligation to pay the discharged debt was a sufficient consideration for the new promise in defendant's letter of August 22. That this would be a sufficient consideration to revive the debt is undoubtedly true. We have already held that a definite promise by a debtor is sufficient to revive the obligation after a discharge in bankruptcy; also, that the form of language employed is not important if the purpose to assume the debt is clear and unequivocal. But where such promise is coupled with a condition as to time or ability to pay, the fulfilment of such conditions must be shown. Smith v. Stanchfield, 84 Minn. 343, 87 N. W. 917.

While, by the terms of defendant's letter, the promise to make payments by instalments may be regarded as sufficiently explicit, it is clearly inferable therefrom that it is conditioned upon its acceptance if satisfactory. Had the holder of the note, after receipt of this letter, relied upon the same without answering, an acceptance of those conditions would probably be implied; but the reply of October 25 expressly declined to accept the proposed terms of payment of the debt in instalments, and it must be held that this refusal to acquiesce in defendant's proposition was a repudiation of the new promise, and did not revive the original obligation.

Judgment affirmed.