## ESTELLA L. PEARSALL v. J. B. TABOUR.[1]

### June 8, 1906.

### Nos. 14,771—(116).

**Discharge in Bankruptcy—New Promise.**

An action to enforce an obligation barred by a discharge in bankruptcy proceedings, based upon the obligor's subsequent promise to pay, must fail, unless there be strong, positive, and unequivocal proof both as to the identification of the debt and as to a distinct, unconditional, and present promise to pay.

**Interpreting Evidence.**

The possibility of wrong to the discharged debtor, by perjured testimony, in depriving him of the legitimate benefit of the bankruptcy act, is not to be remedied by hostile, unusual, or forced interpretation of the evidence introduced in support of such promise to pay.

**Question for the Jury.**

Wherever, upon application of the natural and ordinary rules of common sense and simple logic to the proof introduced in support of the subsequent promise to pay, construed as a whole, the trial court is satisfied that such proof conforms to the legal standard, and it is contradicted, it is its duty to submit the questions of fact to the jury under appropriate instructions.

[1]Reported in 108 N. W. 808.

**Verdict Sustained.**

In this case the evidence of such subsequent promise to pay is *held* to have justified its submission to the jury and the verdict of the jury against the debtor.

**Evidence.**

The declaration of the debtor and creditor, made before the discharge, promising to pay the debt thereafter, is *held* under the circumstances of this case to have been properly received in evidence.

**Misconduct of Counsel.**

The refusal of a trial court to set aside the verdict, because of alleged misconduct of counsel for plaintiff in his address to the jury, is *held* not to have been a reversible abuse of discretion, in view of the incompleteness of the record and of the charge of the court with reference thereto.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J., denying a motion to set aside the verdict and for a new trial, after a trial and verdict in favor of plaintiff for $9,-923.20. Affirmed.

*Welch, Hayne & Hubachek,* for appellant.

*A. D. Smith* and *D. C. Filkins,* for respondent.

JAGGARD, J.

This was an action by the plaintiff and respondent to recover the sum of $7,000, with interest, upon a promissory note made by the defendant and appellant to plaintiff or her order. The answer, admitting the execution of the note, asserted the defense of a discharge in bankruptcy releasing the defendant from the obligation, and alleged that the note had been duly scheduled, and that plaintiff had due notice thereof. Plaintiff admitted the discharge in bankruptcy, the scheduling of the note, and the receipt of notice, but claimed that, subsequent to the discharge in bankruptcy, defendant orally promised to pay the note. Plaintiff recovered a verdict for the full amount of the note, and interest. An appeal was taken from an order denying a motion to set aside the verdict and for a new trial.

1. The principal assignments of error are addressed to the alleged insufficiency of the evidence to show an express oral promise to pay the note subsequent to the discharge in bankruptcy. Counsel for the defendant has argued with impressive earnestness the danger of allowing

oral testimony of a subsequent promise of payment to remove the formal bar of obligations scheduled in bankruptcy proceedings by a record discharge. It is true that this means of reviving old claims opens the door for perjury to deprive a discharged insolvent of the legitimate benefit of the bankruptcy act. These considerations have properly led courts to require that the testimony of such a promise conform to a high standard of certainty and to allow it to prevail in clear cases only. There can be no doubt as to the existence or propriety of the rule that an action to enforce an obligation barred by a discharge in bankruptcy must fail, unless there is strong, positive, and unequivocal evidence both as to the identification of the debt and as to a distinct, unconditional, and present promise to pay. Smith v. Stanchfield, 84 Minn. 343, 87 N. W. 917; Allen v. Ferguson, 18 Wall. 1, 21 L. Ed. 854; International Harvester Co. v. Lyman, 90 Minn. 275, 96 N. W. 87; Brewer v. Boynton, 71 Mich. 254, 39 N. W. 49; Murphy v. Crawford, 114 Pa. St. 496, 7 Atl. 142; Porter's Adm. v. Porter, 31 Me. 169.

The possibility of wrong is not, however, to be remedied by hostile, illogical, or forced interpretation of the evidence introduced in support of the promise. What witnesses mean by answers to questions asked is ordinarily determined by a natural and fair construction of their examination and cross-examination as a whole, in the light of all the circumstances appearing in the case under consideration. It would be unjust and unreasonable to thus determine the effect of testimony generally, but to disregard this simple and proper process in this class of cases. The argument from inconvenience, however strong, does not justify the court in either straining at a gnat or swallowing a camel. Whenever, upon the application of this rule of common sense and plain logic to the proof introduced in support of the subsequent promise to pay, the court is satisfied that it conforms to the legal standard, and it is contradicted, it is the duty of the trial court to submit the questions of fact to the jury, under appropriate instructions, as in ordinary cases.

The record shows that this is what the trial court did in this case. The plaintiff, her son, and daughter, testified as to the promise; the defendant flatly contradicted it. A natural construction of the testimony

on the plaintiff's behalf shows that it tended to identify the note in suit and to prove a present and unqualified promise by the defendant to pay it, sufficiently to justify a submission to the jury of its effect and of the credibility of the plaintiff's case and of the defendant's case in this regard. For example, on cross-examination, the plaintiff testified as follows:

> Q. Every single time you ever went to (defendant) to get money from him on this note, he told you each time, didn't he, that he couldn't pay anything at that time? A. Yes, sir; at that time, but for me to come in again. * * * Q. Did he say he would pay it when he could? A. He said he would pay it. Q. When did he say he would pay it? A. He never set any time.

It is evident upon the record that counsel, by this inquiry as to "this note," referred to the note alleged in the complaint, the promise to pay which was then in issue; and that the answer referred to that note. At other places in the record, the witnesses testified that defendant promised to pay plaintiff "every cent that he owed to her." This, defendant insists, on the authority of Hobough v. Murphy, 114 Pa. St. 358, 7 Atl. 139, and like cases, is insufficient identification, because defendant did not owe the debt. It is obviously unfair to isolate such a portion of the testimony and show that by itself it is legally insufficient. No other obligation appeared to exist or to have existed to which the testimony could have referred.

So, also, other portions of the testimony, standing alone, were legitimate basis for argument that, within the rules laid down in Elwell v. Cumner, 136 Mass. 102, Bigelow v. Norris, 139 Mass. 12, 29 N. E. 61, Smith v. Stanchfield, supra, and similar cases, they failed to show a definite, present, and unconditional promise; but, construed in connection with other testimony by the same witnesses, they justified the finding of the jury. Taking the testimony as a whole, in this case, we are satisfied that the trial court was justified in submitting the case to the jury, that the jury was justified in finding that the note was identified, and that the promise conformed to the legal standard.

2. The court received evidence of the plaintiff as to a conversation

with the defendant, had prior to the discharge in bankruptcy, to the effect that defendant had said:

> It makes no difference, Mrs. Pearsall (the plaintiff), what action I take, I shall pay you every cent of that money; I consider you a preferred creditor.

The refusal of the court to strike out this evidence on motion, the defendant in proper form assigns as error. The testimony was properly received as an admission or declaration by the defendant in person to the plaintiff, with respect to the subject-matter. It was relevant as a link in the chain of circumstances and as affecting the probability of his having made the subsequent promise to pay.

3. Other assignments of error relate to the misconduct of plaintiff's attorney in his address to the jury. Among the expressions objected to were these:

> The plaintiff has been deprived of the means of getting a livelihood, of getting an income. * * * No honest man would take advantage of the bankruptcy law as against a claim such as this of the plaintiff. The defendant has not an honest hair in his head. * * * I say an honest man would not stand in his office and say what he did to this woman. I couldn't do it or any other man.

Some parts of these expressions are ambiguous or unintelligible standing by themselves. The record shows only these words so that it is impossible to properly determine how much of the apparent error was actual error. It does not appear what plaintiff's counsel had said before or after or with reference to them, nor what defendant's counsel may or may not have said in the same connection. The charge of the trial court, moreover, attempted to correct the most objectionable matter contained in them. He charged the jury, inter alia, that it should not have its attention diverted from the issues of the case by any consideration of the propriety of the bankrupt law, by any consideration whatever about the right or wrong of a man availing himself of the bankrupt law, and that that had nothing to do with the case.

> The only question here, the charge reads, that is tried, the only question that is submitted to you, * * * is the simple ques-

tion of whether or not, subsequent to his discharge in bankruptcy, this defendant did make a clear, unequivocable promise to pay this debt; used such language to the plaintiff as showed an intention from which you can find an expression of an intention on his part to pay this debt unequivocably and without condition.

The courts have been, perhaps, too liberal in allowing counsel to wander beyond the record, to indulge in unnecessary vituperation, to interject extraneous matter before the jury, and to improperly appeal to prejudices irrelevant to the case and outside the proof. It is the undoubted duty of the trial courts, in jury trials, to interfere in all proper cases of their own motion to prevent these abuses. This is due to truth and justice. Brown v. Swineford, 44 Wis. 282, 293, 28 Am. 582, and the mere admonition of the trial court and its instructions to the jury to disregard such improprieties may not effectually destroy their prejudicial influence. Wells v. Moses, 87 Minn. 432, 92 N. W. 334. In the nature of things, however, these matters rest largely in the discretion of the trial court. An appellate court will not, in the absence of clear abuse of discretion by the trial court, avoid its determination of the actual effect of these improper remarks upon the trial. See Dunlop v. U. S., 165 U. S. 486, 496, 498, 17 Sup. Ct. 375, 41 L. Ed. 799; Sawyer v. U. S., 202 U. S. 150, 26 Sup. Ct. 575. In this case we do not find such abuse of discretion by the trial court.

Order affirmed.