### LONDON v. EPSTEIN et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

BANKRUPTCY (§ 279*)—RIGHT OF TRUSTEE TO RECOVER PROPERTY PAID FOR BY BANKRUPT BUT CONVEYED TO ANOTHER.

　　A trustee in bankruptcy cannot maintain an action to recover property which, being bought of a third person, and the purchase price being paid by the bankrupt, was conveyed directly by the third person to defendant, he and the bankrupt thereby intending to hinder, delay, and defraud the bankrupt's creditors; it not being property transferred by bankrupt in fraud of his creditors, or property which prior to the filing of the petition in bankruptcy the bankrupt could by any means have transferred, or which might have been levied on and sold under judicial process against him, so that title thereto did not, under Bankr. Law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) § 70, vest in the trustee, and the only resulting trust, under Real Property Law (Laws 1896, c. 547) § 74, created by the conveyance, being one in favor of the bankrupt's creditors at the time of the conveyance, and the right to reach the property thereby covered being only in judgment creditors with their remedy at law exhausted.

　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 279.*]

Appeal from Special Term, Kings County.

Action by Meyer London, trustee in bankruptcy of Hyman Epstein, against Hyman Epstein and others. From a judgment dismissing the amended complaint, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Isaac H. Levy, for appellant.

Nicholas Dietz, for respondents.

JENKS, J. The plaintiff, as trustee in bankruptcy of Hyman Epstein, appeals from a judgment of the Special Term that dismisses his complaint on the pleadings, in that it does not state facts sufficient to constitute a cause of action. The plaintiff, who was appointed trustee in February, 1908, complains that in 1905 Risnicoff conveyed certain realty to the defendant Solomon Epstein; that the purchase price therefor was paid by Hyman Epstein, the bankrupt, who, with the knowledge and consent of Solomon Epstein, caused the title to be taken by the latter; that they intended thereby to hinder, to delay, and to defraud the creditors of Hyman Epstein; and that thereafter Solomon Epstein received the rents and profits without accounting therefor. Plaintiff also complains that the defendant Shlevin knew of all the facts that attended this conveyance; that thereafter and in the same year Solomon Epstein fraudulently conveyed the said premises to Shlevin by deed recorded in 1908; that these three persons thereby intended to hinder, to delay, and to defraud the creditors of Hyman Epstein; that Shlevin received the rents and profits without accounting; that Shlevin never paid any consideration for the conveyance; that Hyman Epstein, subsequent to the conveyance to Solomon Epstein, always was and now is the owner in fact; and that certain of the debts now existing and provable in bankruptcy against Hyman Epstein have existed during all of the times mentioned in the complaint. The plaintiff prays judgment that Shlevin holds the title in trust for the bankrupt and this plaintiff, that requires an accounting, appoints a receiver, directs Solomon Epstein and Shlevin to execute conveyances to the plaintiff, and declares the title to be in him.

The trustee is vested with the title of the bankrupt as of the date he was adjudged a bankrupt, except so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interest in patents, patent rights, and trade-marks; (3) powers which he might have exercised for his own benefit but not those which he might have exercised for some other persons; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. Section 70, Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]). In Dudley v. Easton, 104 U. S., at page 103, 26 L. Ed. 668, Waite, C. J., for the court, speaking as to the status of a trustee in bankruptcy, says:

"As to everything except fraudulent conveyances and fraudulent preferences under the bankrupt law, he takes by his assignment, as a purchaser from the bankrupt, with notice of all outstanding rights and equities. Whatever the bankrupt could do to make the assigned property available for the general creditors he may do, but nothing more, except that he may sue for and recover that which was conveyed in fraud of the rights of creditors, and set aside all fraudulent preferences. As to such preferences and conveyances he has all the rights of a judgment creditor, as well as the powers specifically conferred by the bankrupt law."

See, too, York Manufacturing Co. v. Cassell, 201 U. S. 344–352, 26 Sup. Ct. 481, 50 L. Ed. 782; Butler v. Baudouine, 84 App. Div. 215–220, 82 N. Y. Supp. 773, affirmed 177 N. Y. 530, 69 N. E. 1121.

The title to the premises was never in the bankrupt. Under the conveyance described in the complaint, the title to the premises vested in the grantee, Solomon Epstein, and no use or trust resulted to Hyman Epstein, the bankrupt, or in his favor, perforce of his payment of the consideration by him, unless Solomon Epstein took the same as an absolute conveyance in his own name without the consent or knowledge of Hyman Epstein, or unless Solomon Epstein, in violation of some trust, purchased the property with money or property belonging to another. Section 74, Real Property Law (Laws 1896, c. 547). The grant is presumed fraudulent as against the creditors at that time of Hyman Epstein, and, unless disproved, a trust resulted in favor of such creditors to an extent necessary to satisfy their just demands, Id. The only resultant trust was that in favor of the creditors at the time of the grant of Hyman Epstein, the bankrupt. The statute, supra; Mandeville v. Campbell, 45 App. Div. 512, 61 N. Y. Supp. 443; Lee v. Timken, 10 App. Div. 213, 214, 41 N. Y. Supp. 979. In Mandeville v. Campbell, supra, the court, per Rumsey, J., say:

"The object of the statute was to cut off all interest in the person paying the consideration, and then to declare property liable for his debts."

And the court further say:

"There is no doubt but that the relation between the parties is purely a trust one. Garfield v. Hatmaker, 15 N. Y. 475; McCartney v. Bostwick, 32 N. Y. 53. The property which is to be reached under these provisions of the statute could not be taken at law for a debt of the person paying the consideration. It could only be reached in equity by a creditor who had been unable to collect his judgment by legal process. In this respect it is no different from other equitable assets which may be reached by a creditor upon the failure to collect his debt by the usual legal means. It is settled that no creditor has a standing to reach such assets of his debtor until his remedy at law has been exhausted. The same rule has been applied to efforts to reach the assets created by this statute for the benefit of creditors. Ocean Nat. Bank v. Olcott, 46 N. Y. 12; Allyn v. Thurston, 53 N. Y. 622; Estes v. Wilcox, 67 N. Y. 264. This principle was also applied in McCartney v. Bostwick, supra, under circumstances which are explained in Ocean Nat. Bank v. Olcott, where it is shown that that case is no exception to the rule requiring that the legal remedies should be exhausted before proceeding under this statute against a grantee."

In Butler v. Baudouine, supra, the court held that a trustee in bankruptcy could not maintain an action to recover the excess of an amount of a trust fund required for the education and support of the cestui que trust on the ground that none but a judgment creditor with his remedy at law exhausted is entitled to reach it. The court, per Patterson, P. J., said:

"The only relaxation of the law which makes the income inalienable or the integrity of the trust, as created by the testator, destructible, is in favor of judgment creditors—specifically such. The beneficiary's right to the whole income is cut down only in their favor. We do not think a trustee in bankruptcy is clothed with the privileges of a judgment creditor, under the terms of the New York statute. That he would be vested with such rights with respect to property belonging to the bankrupt, or which the bankrupt 'could by any means' assign or dispose of, may be true. Hence, for the purpose of set-

ting aside fraudulent conveyances, the trustee in bankruptcy would be regarded as standing in the position of a judgment creditor, both by the terms of the bankruptcy act, which permits him to attack such conveyances, and in accordance with many adjudicated cases. Matter of Leland, 10 Blatchf. 503 [Fed. Cas, No. 8,234]; Matter of Duncan, Fed. Cas. No. 4,131; Southard v. Benner, 72 N. Y. 424. But in those cases the property sought to be reached was the property of the bankrupt, as to which he had the right or power of disposal and which might be reached by execution."

In Evans v. Staalle, 88 Minn. 253, 92 N. W. 951, the defendant was the grantee of third parties; but one-third of the consideration was paid by her husband. The plaintiff, at the time the conveyance was made, was a judgment creditor of the husband and brought the action against the defendant alone to enforce a trust to the extent of his judgment. The statutes of Minnesota were similar to our own (supra). The plaintiff moved to file a supplemental answer, pleading the debtor's discharge in bankruptcy. The Supreme Court held that the denial of the motion might well have rested on laches. But it also said that the discharge was immaterial. The court said:

"No title to the land passed to the trustee in bankruptcy. The discharge in bankruptcy did not pay or extinguish the plaintiff's debt, nor relieve the defendant's land from the trust with which it was charged by operation of law for the payment of the debt. The only effect of the discharge was to relieve the debtor from all legal obligations to pay the debt, leaving all liens or trusts securing the debt unimpaired. Lowell, Bankr. §§ 242–244; Smith v. Stanchfield, 84 Minn. 343 [87 N. W. 917], 7 Am. Bankr. Rep. 498. Now, when the land in this case was conveyed to the defendant upon a consideration paid by the debtor, a trust in favor of the plaintiff as a creditor attached to the land to the extent necessary to satisfy his debt, which could be defeated only by disproving any fraudulent intent. This trust could be enforced after the debtor's discharge, although all personal remedies against him to secure payment of the debt had been thereby extinguished, precisely the same as a mortgagee may foreclose his lien on the mortgaged premises, and thereby secure payment of his debt, although an action to recover if from the mortgagor be barred by the statute of limitations. Slingerland v. Sherer, 46 Minn. 422 [49 N. W. 237]."

In fine, the difficulty in the way of the plaintiff is that the fee never was in the bankrupt, but always in third parties, that neither legal nor equitable interest in this property ever existed in the bankrupt, that he "had no remaining right on which, through judgment and execution, creditors could by any process fasten a specific lien." The statute that declares the resulting trust is solely for the benefit of certain creditors and makes against "the property of a third party which the debtor never owned." McCartney v. Bostwick, 32 N. Y. 59; Niver v. Crane, 98 N. Y. 40.

The judgment is affirmed, with costs. All concur.